■ JOSETTE VILLA, Individually and as Mother and Natural Guardian of SOFIA VILLA, an Infant, Deceased, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. — Order of Supreme Court, New York County (Leonard N. Cohen, J.), entered June 11, 1984, denying defendant's motion for a protective order striking plaintiff's notice to admit and notice for discovery and inspection, unanimously modified, on the law and the facts, to the extent of striking questions Nos. 3 through 7, 11, 16 and 18 in the notice to admit, and otherwise affirmed, without costs. Defendant shall respond within 20 days after service of a copy of the order to be entered hereon.

Plaintiff seeks damages for defendant's alleged negligence in failing to provide appropriate apartment window safeguards, resulting in the fatal fall by plaintiff's infant decedent.

The notice to admit (CPLR 3123) is not so much a traditional discovery device as it is a vehicle for resolving and eliminating

from contention matters which, though factually relevant, are not really in dispute (*Falkowitz v Kings Highway Hosp.,* 43 AD2d 696). It is designed to remove from the case those uncontested matters which would merely present a time-consuming burden at trial. Unreasonable failure to admit such uncontestable facts may result in an order directing the intransigent party to bear the cost of such proofs. However, the notice to admit cannot be utilized to seek admissions of material issues or ultimate or conclusory facts (*Felice v St. Agnes Hosp.,* 65 AD2d 388, 395-396), interpretations of law, questions already admitted in responsive pleadings, or questions clearly irrelevant to the case. The notice was not designed to create an unreasonable burden on the party asked to admit.

The notice here is devoted to questions of defendant's ownership and control of the premises and its duty to install and maintain window guards for the safety of the tenants. Some of the questions were already answered in the affirmative in defendant's amended answer, which appears to have crossed in the mail with plaintiff's notice to admit. This is so with respect to questions as to the "registered ownership" of the premises (Nos. 3 and 4), status of the premises as a "multiple dwelling" (Nos. 6 and 7; see Multiple Dwelling Law, § 4, subd 7), timeliness of submission of the notice of claim (part of No. 16), and plaintiff's submission to defendant's oral examination (No. 18). Paradoxically, defendant's amended answer denied "vested ownership" of the premises. There is no reason why defendant should not be called upon to admit such ownership (Nos. 1 and 2), or its responsibility for maintaining the premises in a safe condition (Nos. 8 and 12); likewise with regard to defendant's duty to install window safety guards (Nos. 9 and 10), and its knowledge of whether some windows remained without guards on the date in question (No. 15).

The status of plaintiff as tenant (No. 13) and whether defendant was aware thereof (No. 14) are proper areas of inquiry in a notice to admit where, as here, the answer equivocates on this issue.

While the notice to admit can be used to probe a party's understanding of his own duties under law (as in Nos. 9 and 10, *supra*), it is inappropriate as a vehicle for asking a party to interpret the law or someone else's compliance therewith. Consequently, it was improper to permit plaintiff to seek defendant's interpretation of section 131.15 of the New York City Health Code, general requirement as to when window guards are required (No. 11). Likewise, it was error to require defendant to admit or deny the propriety of plaintiff's notice of claim

under section 50-e of the General Municipal Law (No. 16, *supra*), although there was nothing improper in asking defendant to confirm its written acknowledgement of the filing of that claim and its subsequent failure to indicate any defects in that notice (No. 17).

It was also error for Special Term to permit inquiry under a notice to admit with regard to an "ownership registration on file as a public record" (No. 5), inasmuch as plaintiff would have as much access to such information as does defendant.

We have ruled that it is not the task of the courts to prune interrogatories (*Comstock & Co. v City of New York,* 80 AD2d 805, 807; *Vancek v International Dynetics Corp.,* 78 AD2d 842, 843; *Itzkoff v Allstate Ins. Co.,* 59 AD2d 854). However, the notice here, consisting of only 18 questions, was not so lengthy or prolix as to render it unduly burdensome to answer (cf. *Nader v General Motors Corp.,* 53 Misc 2d 515, affd 29 AD2d 632). Accordingly, we have modified to delete those questions which we deem improper.

Plaintiff's demand for discovery and inspection is likewise brief and to the point, directed toward documents evidencing ownership and maintenance of the premises, plaintiff's lease, defendant's installation of window guards, and all notifications related to such installation. Plaintiff's use of the words "any" and "all" does not render the demand overly broad, inasmuch as each of said items is limited to a specific date and place. Concur — Kupferman, J. P., Carro, Bloom and Fein, JJ.