■ FRANCISCO TORRES, Appellant, v CAREN L. McCORMICK et al., Defendants, and CHASE MANHATTAN BANK, U.S.A., N.A., Respondent. [826 NYS2d 364]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated December 1, 2005, as granted those branches of the motion of the defendant Chase Manhattan Bank, U.S.A., N.A., which were to withdraw its admission that it owned the offending vehicle, and to compel him to accept late service of its response to a notice to admit.

Ordered that the order is affirmed insofar as appealed from, with costs.

By failing to timely respond to the plaintiff's notice to admit, requesting it to admit that it owned the offending vehicle, the defendant Chase Manhattan Bank, U.S.A., N.A. (hereinafter Chase), admitted that allegation (*see* CPLR 3123 [a]; *D'Angelo v D'Angelo,* 14 AD3d 476, 477 [2005]). Based on the record, the court providently exercised its discretion in granting those branches of Chase's motion which were to withdraw that admission and to compel the plaintiff to accept its late response to the notice to admit, denying ownership of the offending vehicle (*see C. Pavlou, Inc. v Gargano,* 228 AD2d 632 [1996]; *Riner v Texaco, Inc.,* 222 AD2d 571, 571-572 [1995]; *Langdon v WEN Mgt. Co.,* 147 AD2d 450, 451 [1989]). Adams, J.P., Santucci, Mastro and Lifson, JJ., concur.