New Image Construction, Inc., Appellant, v TDR Enterprises Incorporated et al., Respondents. [905 NYS2d 56]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about June 24, 2009, which, insofar as appealed from, denied plaintiff's motion for summary judgment on its claim for payment for construction services performed, unanimously modified, on the law, the motion granted as against defendants TDR Enterprises Incorporated and Renee Green, and as so modified, affirmed, with costs. The Clerk is directed to enter judgment in favor of plaintiff against TDR and Green in

the sum of $200,000 together with interest from September 1, 2006, costs and disbursements.

Plaintiff, a contractor, brought this action to recover money due for the build out of a restaurant pursuant to a contract entered into by TDR and Green. In support of its motion, plaintiff submitted two notices to admit the genuineness of documents and a notice to admit purported facts. Although served with the notices to admit, defendants did not respond to any of them. Among the documents covered by the first two notices to admit was a June 2006 construction agreement executed by plaintiff, and by Green, individually and on behalf of TDR. The agreement provided for the payment of $200,000 for plaintiff's work. Payments were to be made in five equal installments of $40,000 beginning on the signing of the contract. The agreement set forth in detail the scope of the work, and required that any changes to the agreement be in writing.

Other documents covered by the notices to admit reflected a loan to defendants by PNC Bank, for the payment of plaintiff's fee, among other things. These documents show defendants' representation to the bank that plaintiff had completed its work, a requirement for the disbursement of the loan funds. The documents also included cancelled checks made payable to plaintiff that were apparently endorsed and cashed by defendants instead. Defendants are deemed to have admitted the genuineness of the said documents because they did not timely respond to plaintiff's notice (*see* CPLR 3123; *Kowalski v Knox*, 293 AD2d 892 [2002]). Hence, plaintiff's prima facie entitlement to judgment as a matter of law is established. We note, however, that plaintiff's third notice to admit was improper, since it impermissibly "compell[ed] admission of fundamental and material issues or ultimate facts that can only be resolved after a full trial" (*Hawthorne Group v RRE Ventures*, 7 AD3d 320, 324 [2004]).

Since defendants are deemed to have admitted the genuineness of the construction agreement, their attempts to disaffirm it are unavailing. We also reject defendants' claim that they terminated the contract due to plaintiff's failure to diligently complete the work. Defendants do not claim to have served plaintiff with a 14-day notice to cure and written notice of termination which were contractual prerequisites to termination. Defendants' purported termination of the contract was, therefore, ineffective (*see e.g. MCK Bldg. Assoc. v St. Lawrence Univ.*, 301 AD2d 726, 728 [2003], *lv dismissed* 99 NY2d 651 [2003]). The court properly denied the motion for summary judgment as against defendant Terrance Davis as it has not

been shown that he dealt with plaintiff in an individual capacity (*see Kibler v Gillard Constr., Inc.*, 53 AD3d 1040, 1042 [2008]). Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.