■ ISABEL HERNANDEZ, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. (And A Third-Party Action.) [945 NYS2d 292]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about January 25, 2011, which, in this personal injury action, denied plaintiff's motion for an order deeming the facts in her notice to admit as having been admitted by defendant-respondent and to strike the portion of defendant's answer that denied those facts, unanimously reversed, on the law, without costs, and the motion granted.

Defendant is deemed to have admitted the facts contained in plaintiff's notice to admit, as it did not timely respond to the notice (*see* CPLR 3123 [a]; *see also New Image Constr., Inc. v TDR Enters. Inc.*, 74 AD3d 680, 681 [2010]). Indeed, defendant did not respond to the notice to admit until 2½ years later, and then simply objected to the requests as improper and denied the facts "on information and belief." Contrary to defendant's contention, the notice to admit, which addressed matters regarding the ownership, control and duty to maintain the metal grating upon which plaintiff allegedly fell, did not demand answers to material issues of fact. Indeed, defendant's answer did not unequivocally deny the allegation that it "had charge" of the metal grating and a duty to maintain it. Further, the notice to admit properly addressed factual issues likely to be within defendant's knowledge or which it could ascertain upon reasonable inquiry (*see Villa v New York City Hous. Auth.*, 107 AD2d 619, 620 [1985]). Absent any explanation for the belated and patently inadequate response to the notice (*see Rosenfeld v Vorsanger*, 5 AD3d 462, 463 [2004]), plaintiff's motion should have been granted.

Plaintiff is especially entitled to the relief she requests, given that defendant failed to proffer any proof on the issue of ownership or control of the grating. Moreover, defendant's belated response, after the expiration of the statute of limitations on plaintiff's negligence claim, prejudiced plaintiff as she was unable to bring a claim against the purported actual owner of the grating. By contrast, defendant has impleaded the purported actual owner and may be able to prevail on its claim for common-law indemnification. Concur—Tom, J.P., Andrias, Saxe, Moskowitz and Acosta, JJ.