■ JOEL STANGER, Respondent, v DAWN M. MORGAN et al., Appellants. [954 NYS2d 95]—

Order, Supreme Court, New York County (George J. Silver, J.), entered October 4, 2010, which denied defendants' motion for an order to compel plaintiff to accept service of their response to plaintiff's notice to admit nunc pro tunc or, in the alternative, to strike the third item in the notice to admit, unanimously modified, on the law, the third item in the notice stricken, and otherwise affirmed, without costs.

While defendants' brief delay in responding to the notice to

admit, which occurred during the substitution of counsel, did not result in any prejudice, the motion court could not have compelled plaintiff to accept the response, as it was unsworn and improperly made "upon information and belief" (*see* CPLR 3123 [a]; *Rosenfeld v Vorsanger*, 5 AD3d 462, 463 [2d Dept 2004]). Nevertheless, the request for an admission that the defendant driver was on her cellular phone at the time of the accident was palpably improper, as the matter was in dispute and went to the heart of the issue of whether she was negligent in the operation of the subject vehicle (*see New Image Constr., Inc. v TDR Enters. Inc.*, 74 AD3d 680, 681 [1st Dept 2010]; *Meadowbrook-Richman, Inc. v Cicchiello*, 273 AD2d 6 [1st Dept 2000]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.