■ Peter Altman, Respondent, v Steven Kelly, Defendant, and Islip Pizza Restaurant, Inc., Doing Business as Gino's Tuscany Restaurant, Appellant. [9 NYS3d 359]—

In an action to recover damages for personal injuries, the defendant Islip Pizza Restaurant, Inc., doing business as Gino's Tuscany Restaurant, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated October 16, 2013, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against it, and denied its cross motion pursuant to CPLR 3123 (b) for leave to withdraw the admissions contained in its response to the plaintiff's notice to admit.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Islip Pizza Restaurant, Inc., doing business as Gino's Tuscany Restaurant, is denied without prejudice to renewal upon completion of discovery, and the cross motion of the defendant Islip Pizza Restaurant, Inc., doing business as Gino's Tuscany Restaurant, for leave to withdraw the admissions contained in its response to the plaintiff's notice to admit is granted.

This action arises out of a motor vehicle accident between the plaintiff's motorcycle and a motor vehicle owned and operated by the individual defendant, Steven Kelly. The plaintiff commenced this action against Kelly and Kelly's employer, Islip Pizza Restaurant, Inc., doing business as Gino's Tuscany Restaurant (hereinafter Islip Pizza). The plaintiff alleged that Islip Pizza was liable for Kelly's negligence under the doctrine of respondeat superior. As relevant to this appeal, in a notice to admit pursuant to CPLR 3123, the plaintiff sought Islip Pizza's admission that, at the time of the collision, Kelly was "in the course of his employment" with Islip Pizza, was "acting in the scope of his employment" with Islip Pizza, and was "acting in furtherance of the business activities of" Islip Pizza. Islip Pizza timely responded to the plaintiff's notice, and it admitted each of the listed items.

Thereafter, the plaintiff moved for summary judgment on the issue of liability against the defendants. Islip Pizza opposed the motion, and cross-moved for leave to withdraw its admissions, contending, among other things, that the notice to admit was improper inasmuch as it sought admissions of ultimate conclusions in the action. Islip Pizza also submitted evidence tending to support its contention that Kelly was not, at the time of the accident, acting in the course of his employment with Islip Pizza, in the scope of that employment, or in furtherance of Islip Pizza's business. The Supreme Court denied Islip Pizza's cross motion to withdraw its admissions and granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against it. Islip Pizza appeals from so much of the order as denied its cross motion and granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against it.

Under CPLR 3123 (a), a party may serve upon another party a written request that it admit, among other things, "the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry" (CPLR 3123 [a]). The legislative policy underlying CPLR 3123 (a) is to promote efficiency in the litigation process by "eliminat[ing] from the issues in litigation matters which will not be in dispute at trial. It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial. A notice to admit which goes to the heart of the matters at issue is improper" (*DeSilva v Rosenberg*, 236 AD2d 508, 508 [1997]; *see Priceless Custom Homes, Inc. v*

*O'Neill*, 104 AD3d 664, 664-665 [2013]; *Voigt v Savarino Constr. Corp.*, 94 AD3d 1574, 1575 [2012]; *Washington v Alco Auto Sales*, 199 AD2d 165, 165 [1993]; *Villa v New York City Hous. Auth.*, 107 AD2d 619, 619-620 [1985]; *see generally* 7th Ann Rep of NY Jud Council, 1941 NY Legis Doc No. 23 at 307-308). Furthermore, under CPLR 3123 (b), a court may at any time permit a party to amend or withdraw any admission "on such terms as may be just" (CPLR 3123 [b]; *see Torres v McCormick*, 35 AD3d 443, 444 [2006]; *Felice v St. Agnes Hosp.*, 65 AD2d 388, 395 [1978]).

Here, Islip Pizza's liability depends entirely on whether it is liable for Kelly's acts under the doctrine of respondeat superior. The plaintiff's requests to admit thus were addressed to the core legal and factual issues pertaining to Islip Pizza (*see Priceless Custom Homes, Inc. v O'Neill*, 104 AD3d at 664-665; *Stanger v Morgan*, 100 AD3d 545, 546 [2012]; *Riner v Texaco, Inc.*, 222 AD2d 571, 572 [1995]; *Gomez v Long Is. R.R.*, 201 AD2d 455, 456 [1994]). Moreover, the facts underlying the determination of whether Islip Pizza is liable for Kelly's alleged negligence may be obtained through discovery, including depositions of the defendants (*see Jet One Group, Inc. v Halcyon Jet Holdings, Inc.*, 111 AD3d 890, 893 [2013]; *DeSilva v Rosenberg*, 236 AD2d at 509). Under the circumstances, Islip Pizza's cross motion to withdraw its admissions should have been granted (*see Torres v McCormick*, 35 AD3d at 444; *cf. Webb v Tire & Brake Distrib., Inc.*, 13 AD3d 835, 838 [2004]).

In the absence of Islip Pizza's admissions, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law against Islip Pizza on the issue of liability (*cf. Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d 770, 772 [2011]). Accordingly, that branch of the plaintiff's motion which sought summary judgment against Islip Pizza on the issue of liability must be denied, without prejudice to renewal after the completion of discovery (*see* CPLR 3123 [b]; *cf. DeSilva v Rosenberg*, 236 AD2d at 509). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.