Hudson Val. Window Cleaning, Inc. v Rotron Inc. (2023 NY Slip Op 00395)

Hudson Val. Window Cleaning, Inc. v Rotron Inc.

2023 NY Slip Op 00395

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023

Before: Renwick, J.P., Webber, Singh, Rodriguez, Higgitt, JJ. 

Index No. 655419/21 Appeal No. 17196 Case No. 2022-03319 

[*1]Hudson Valley Window Cleaning, Inc., Plaintiff-Appellant,
v
Rotron Incorporated, Doing Business as Ametek Rotron, Defendant-Respondent.

Sullivan & Klein, LLP, New York (Robert M. Sullivan of counsel), for appellant.
Cullen and Dykman, LLP, Garden City (Jocelyn E. Lupetin of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered July 27, 2022, which denied plaintiff's motion for summary judgment on the issue of liability on its claims and for summary judgment dismissing defendant's counterclaims, unanimously modified, on the law, to grant plaintiff's motion to dismiss defendant's unjust enrichment counterclaim, and otherwise affirmed, without costs.
The parties' contract for cleaning services permitted defendant, as the client, to terminate the contract for nonperformance on 60 days notice if, after providing 30 days notice to cure, plaintiff had not corrected the problem. On July 20, 2021, defendant sent plaintiff a notice of intent to terminate and an email explaining that the contract would be terminated after 30 days if plaintiff did not improve services and comply with the Statement of Work incorporated into the agreement. Defendant alleges that plaintiff did not improve and ceased working completely on August 20, 2021. On August 26, 2021, defendant provided a notice of termination as of that date.
Plaintiff contends that the record is clear that defendant failed to comply with the notice to cure and termination provisions, so that it is entitled to summary judgment on its claim that defendant breached the contract (see East Empire Constr. Inc. v Borough Constr. Group LLC, 200 AD3d 1, 5-7 [1st Dept 2021]). However, whether defendant provided the requisite notice to cure and whether plaintiff complied are issues of fact. The July 20th notice of intent indicated the contract would be terminated in 30 days if plaintiff did not improve was not a "positive and unequivocal" termination of the contract, since it recognized that plaintiff could cure and the contract could continue (see Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133 [2017]).
Assuming, without deciding, that defendant is correct that the agreement is ambiguous as to whether the 60-day notice of termination may be commenced at the same time as the 30-day cure period, defendant's notice of termination on August 26th provided less than the 60 days' notice required by the contract under either interpretation. However, there are issues of fact as to whether plaintiff previously abandoned performance, obviating the need for a notice of termination (34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 52 [2022]; Kleinberg Elec., Inc. v E-J Elec. Installation Co., 111 AD3d 410, 411 [1st Dept 2013]), and as to whether plaintiff failed to cure, so that defendant then had a contractual right to terminate, but merely provided the erroneous date of termination (see generally G.B. Kent & Sons v Helena Rubinstein, Inc., 47 NY2d 561, 564—565 [1979]; cf. New Image Constr., Inc. v TDR Enters. Inc., 74 AD3d 680, 681 [1st Dept 2010]).
In light of the above, plaintiff's motion to dismiss defendant's breach of contract counterclaim was properly denied, as defendant set forth facts sufficiently apprising plaintiff of its valid breach of contract claim (Foley [*2]v D'Agostino, 21 AD2d 60, 63 [1st Dept 1964]). However, plaintiff's motion to dismiss defendant's counterclaim for unjust enrichment should have been granted, as the services were governed by a contract (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023