**Pennings v Napoli & Shkolnik, PLLC**

2024 NY Slip Op 32245(U)

July 2, 2024

Supreme Court, New York County

Docket Number: Index No. 154392/2022

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LISA S. HEADLEY**

*Justice*

PART **28M**

-----------------------------------------------------------------------------X

MARIE PENNINGS,

Plaintiff,

- v -

NAPOLI & SHKOLNIK, PLLC,NICHOLAS R. FARNOLO,
JOHN & JANE DOES, ESQ., I-X, ABC INC.,I-X, XYZ
PARTNERSHIP I-X

Defendant.

-----------------------------------------------------------------------------X

INDEX NO. 154392/2022

MOTION DATE 03/07/2024

MOTION SEQ. NO. 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for                    DISCOVERY                    .

Plaintiff commenced this action against the defendants, her former attorneys, for professional negligence, breach of fiduciary duty, and breach of contract after the defendants allegedly failed to protect her interests in all aspects of defendants' representation of the plaintiff in another action where she sought damages against the doctor who performed her hip surgery, and the hip replacement manufacturer for medical negligence, which was dismissed with prejudice.

Before the Court is the motion filed by defendants, Napoli Shkolnik PLLC s/h/a Napoli & Shkolnik, PLLC and Nicholas R. Farnolo (collectively "Defendants N&S"), pursuant to *CPLR §3103,* for an Order 1) denying plaintiff's August 23, 2023 Request for Admissions (the "Request"); 2) denying, limiting, conditioning or regulating plaintiff's August 23, 2023 "Notice to Take Plaintiff's Deposition" (the "Deposition Notice"); 3) pursuant to *Judiciary Law §470,* directing plaintiff to cure her lack of an attorney having a physical office in the State of New York, and such other and further relief as the Court deems just and proper. The plaintiff filed opposition, and argues that the defendants' motion for a protective order should be denied because the plaintiff is "seeking the admission of facts which cannot reasonably be disputed."

This Court held a conference with counsel regarding the instant motion on March 7, 2024, and the following Requests for Admission were resolved and Defendants N&S agreed to submit answers to Numbers 1, 2, and 3. (*See, NYSCEF Doc. No. 25 at page 3*). The portion of the defendants' motion requesting an Order that the plaintiff's attorney cures the lack of having a physical office within the State of New York has been resolved. In addition, the portion of the motion seeking to deny, limit, condition or regulate the plaintiff's Deposition Notice, which seeks to conduct the deposition of defendant Farnolo in the state of New Jersey, is denied as moot as the

**154392/2022   PENNINGS, MARIE vs. NAPOLI & SHKOLNIK, PLLC ET AL**
**Motion No.  002**

**Page 1 of 10**

1 of 10

plaintiff acknowledges that the defendants' depositions will be conducted in Manhattan pursuant to *CPLR §3110*.

The Court will address the remaining requests contained in the Notice to Admit.

"The purpose of the notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial." *See*, *Priceless Custom Homes, Inc. v. O'Neill*, 104 A.D.3d 664 (2d Dep't 2013); (internal citations omitted). " A notice to admit may not be used to request admission of material issues, and is only properly employed to eliminate from trial matters which are easily provable and about which there can be no controversy." *Murphy v. University Club*, 200 A.D.2d 532, 533 (1st Dep't 1994) citing, *Taylor v. Blair*, 116 A.D.2d 204, 206 (1st Dep't 1986).

The notice to admit is not intended to cover ultimate conclusions, or seek admissions that go "to the heart of the matters at issue." *Priceless Custom Homes, Inc. v. O'Neill*, *supra; Genna v. Klempner*, 195 A.D.3d 444 (1st Dep't 2021) [notice seeking ultimate and conclusory facts is improper]; *Stanger v. Morgan*, 100 A.D.3d 545, 546 (1st Dep't 2012] [notice improperly sought admission of defendant's negligence in operation of vehicle]; *Meadowbrook-Richman, Inc. v. Cicchiello*, 273 A.D.2d 6, 6 (1st Dep't 2000) [improper to seek admissions on disputed matters]. Furthermore, the Notice to Admit may not seek admission as to liability. *See, Altman v. Kelly*, 128 A.D.3d 741, 742 (2d Dep't 2015). The Notice to Admit may not also seek causation, or something that requires expert proof, (*see, Berg v. Flower Fifth Ave. Hosp.*, 102 A.D.2d 760, 760 (1st Dep't 1984)), an interpretation of law or legal conclusion, (*see, Matter of Luthmann v. Gulino*, 131 A.D.3d 636, 637 (2d Dep't 2015); *Villa v. New York City Hous. Auth.*, 107 A.D.2d 619, 621 (1st Dep't 1985), or a hotly contested issue. *See, Fein v.* Cook, 153 A.D.3d 1168, 1168 (1st Dep't 2017) [improperly sought admissions regarding employment status, a disputed issue central to action].

### Item No. 4

The defendants contest the Request for Admission in Item number 4, which states: "Defendants had a duty to prosecute Plaintiff's claim against and and [*sic*] all parties, individuals and/or corporations that are found to be liable under the law, for wrongs and injury suffered by Plaintiff related to a defective hip implant."

Defendants argue that this request seeks impermissible admissions, and seeks a legal conclusion. The Court agrees and finds that this question seeks a legal conclusion, and therefore, the Defendants are directed to not answer Item number 4.

### Item No. 5

Defendants contest the Request for Admission in Item number 5, which states: "Defendants' retainer agreement, signed by Plaintiff on March 23, 2017, did not restrict Defendants' representation of Plaintiff to solely a negligence claim against the physician."

Defendants argue that this request seeks impermissible admissions, and seeks admissions to plaintiff's interpretation and/or the contents of documents without providing the documents. The Court finds that this question goes "to the heart of the matters at issue", and therefore, the Defendants are directed to not answer Item number 5.

**154392/2022   PENNINGS, MARIE vs. NAPOLI & SHKOLNIK, PLLC ET AL**          **Page 2 of 10**
**Motion No.  002**

2 of 10

### Item No. 6

Defendants contest the Request for Admission in Item number 6, which states: "Defendants retainer agreement, signed by Plaintiff on March 23, 2017, did not restrict Defendants' representation of Plaintiff to solely a products liability claim against the manufacturer."

Defendants argue that this request seeks impermissible admissions, and seeks admissions to plaintiff's interpretation and/or the contents of documents without providing the documents. The Court finds that this question goes "to the heart of the matters at issue", and therefore, the Defendants are directed to not answer Item number 6.

### Item No. 7

Defendants contest the Request for Admission in Item number 7, which states: "At the time Plaintiff became a client of Defendants, Defendants were aware that Plaintiff had a prior claim against Stryker for surgery performed in 2011 which had previously settled."

The defendants argue that the admission seeks contents of the communications between plaintiff and unidentified "defendants" and/or "an employee/associate of defendants" many without specification of the date of same. This Court disagrees, and the Defendants are directed to answer Item number 7.

### Item No. 8

Defendants contest the Request for Admission in Item number 8, which states: "Defendants, or an employee/associate of Defendants, had a discussion with Plaintiff regarding the possibility of two (2) lawsuits; one against the surgeon who implanted a second recalled hip during the 2014 revision surgery, and one against the manufacturer of the recalled product."

The defendants argue that the admission seeks contents of the communications between plaintiff and unidentified "defendants" and/or "an employee/associate of defendants" many without specification of the date of same. The Court finds that this question seeks ultimate and conclusory facts, and therefore, the defendants are directed not to answer Item number 8.

### Item No. 10

Defendants contest the Request for Admission in Item number 10, which states: "On December 2, 2018, Defendants filed a lawsuit in federal court on behalf of Plaintiff which alleged negligence/products liability due to the 2011 implantation of a recalled product."

Defendants argue that this request seeks impermissible admissions, and seeks admissions to plaintiff's interpretation and/or the contents of documents without providing the documents. This Court disagrees, and the Defendants are directed to respond to Item number 10.

### Item No. 12

Defendants contest the Request for Admission in Item number 12, which states: "In 2019, Plaintiff called Defendant on numerous occasions to request updates on the progress of her case against Stryker and Dr. Trapp and was told that her case was proceeding well."

The defendants argue that the admission seeks contents of the communications between plaintiff and unidentified "defendants" and/or "an employee/associate of defendants" many without specification of the date of same. The Court finds that the defendants are directed to answer Item number 12.

**154392/2022   PENNINGS, MARIE vs. NAPOLI & SHKOLNIK, PLLC ET AL**          **Page 3 of 10**
**Motion No.  002**

3 of 10

[* 3]

### Item No. 13

Defendants contest the Request for Admission in Item number 13, which states: "In 2020, Plaintiff called Defendant on numerous occasions to request updates on the progress of her case against Stryker and Dr. Trapp and was told that her case was proceeding well."

The defendants argue that the admission seeks contents of the communications between plaintiff and unidentified "defendants" and/or "an employee/associate of defendants" many without specification of the date of same. The Court finds that the defendants are directed to answer Item number 13.

### Item No. 14

Defendants contest the Request for Admission in Item number 14, which states: "In 2021, Plaintiff called Defendant on numerous occasions to request updates on the progress of her case against Stryker and Dr. Trapp and was told that her case was proceeding well."

The defendants argue that the admission seeks contents of the communications between plaintiff and unidentified "defendants" and/or "an employee/associate of defendants" many without specification of the date of same. The Court finds that the defendants are directed to answer Item number 14.

### Item No. 15

Defendants contest the Request for Admission in Item number 15, which states: "On March 21, 2019, Defendants were contacted by Alan Ahearne, Esq. regarding a substitution of attorney for Plaintiff."

The defendants argue that the admission seeks contents of communications between third-parties and unidentified "defendants." This Court disagrees, and the defendants are directed to respond to Item number 15.

### Item No. 16

Defendants contest the Request for Admission in Item number 16, which states: "On July 2, 2020, Defendant sent Plaintiff a letter stating that Defendants have been 'working on' her lawsuit."

Defendants argue that this request seeks impermissible admissions, and seeks admissions to plaintiff's interpretation and/or the contents of documents without providing the documents. However, this Court finds that to the extent defendants' attorney cannot locate the relevant documents, they may seek additional copies from plaintiff's counsel. Therefore, the defendants are directed to answer Item number 16.

### Item No. 17

Defendants contest the Request for Admission in Item number 17, which states: "The letter sent from Defendant to Plaintiff on July 2, 2020, indicated that Defendants had conducted "considerable discovery" for Plaintiff's lawsuit."

Defendants argue that this request seeks impermissible admissions, and seeks admissions to plaintiff's interpretation and/or the contents of documents without providing the documents. This Court finds that to the extent defendants' attorney cannot locate the relevant documents; they

**154392/2022   PENNINGS, MARIE vs. NAPOLI & SHKOLNIK, PLLC ET AL**                    **Page 4 of 10**
**Motion No.  002**

4 of 10

[* 4]

may seek additional copies from plaintiff's counsel. Therefore, the defendants are directed to answer Item number 17.

### Item No. 18

Defendants contest the Request for Admission in Item number 18, which states: "The letter sent from Defendant to Plaintiff on July 2, 2020, indicated that Defendants had discussed Plaintiff's case with an expert."

Defendants argue that this request seeks impermissible admissions, and seeks admissions to plaintiff's interpretation and/or the contents of documents without providing the documents. To the extent defendants' attorney cannot locate the relevant documents, they may seek additional copies from plaintiff's counsel. Therefore, the defendants are directed to answer Item number 18.

### Item No. 22

Defendants contest the Request for Admission in Item number 22, which states: "The letter sent from Defendant to Plaintiff on July 2, 2020, indicated that Defendants were unable to pursue Plaintiff's case because plaintiff's hip product contained polyethylene or ceramic component."

Defendants argue that this request seeks impermissible admissions as to plaintiff's interpretation and/or the contents of documents without providing the documents. To the extent defendants' attorney cannot locate the relevant documents, they may seek additional copies from plaintiff's counsel. Therefore, the defendants are directed to answer Item number 22.

### Item No. 23

Defendants contest the Request for Admission in Item number 23, which states: "Plaintiff's hip product in question did not contain polyethylene or ceramic components."

Defendants argue that this request seeks improper admissions as to detailed technical, medical, or scientific information. The Court agrees, and therefore, the defendants are directed to not answer Item number 23.

### Item No. 24

Defendants contest the Request for Admission in Item number 24, which states: "The letter sent from Defendant to Plaintiff on July 2, 2020, indicated that Defendants were unable to pursue Plaintiff's case because plaintiff did not have a revision procedure on her Stryker LIFT V 40 Metal on Metal Device."

Defendants argue that this request seeks impermissible admissions, and seeks admissions to plaintiff's interpretation and/or the contents of documents without providing the documents. The Court finds that the Defendants are directed to answer.

### Item No. 25

Defendants contest the Request for Admission in Item number 25, which states: "Plaintiff did have a revision procedure on her Stryker LIFT V 40 Metal on Metal Device."

Defendants argue that this request seeks improper admissions as to detailed technical, medical, or scientific information. The Court agrees, and therefore, the defendants are directed to not answer Item number 25.

**154392/2022   PENNINGS, MARIE vs. NAPOLI & SHKOLNIK, PLLC ET AL**          **Page 5 of 10**
  **Motion No.  002**

5 of 10

**Item No. 26**

Defendants contest the Request for Admission in Item number 26, which states: "The letter sent from Defendant to Plaintiff on July 2, 2020, indicated that Defendants were unable to pursue Plaintiff's case because plaintiff's revision surgery was due to loosening rather than metallosis."

Defendants argue that this request seeks impermissible admissions, and seeks admissions to plaintiff's interpretation and/or the contents of documents without providing the documents. The Court finds that the Defendants are directed to answer Item number 26.

**Item No. 27**

Defendants contest the Request for Admission in Item number 27, which states: "Plaintiff's revision surgery was not due to loosening rather than metallosis."

Defendants argue that this request seeks improper admissions as to detailed technical, medical, or scientific information. The Court agrees, and therefore, the defendants are directed to not answer Item number 27.

**Item No. 28**

Defendants contest the Request for Admission in Item number 28, which states: "The letter sent from Defendant to Plaintiff on July 2, 2020, indicated that Defendants were unable to pursue Plaintiff's case because plaintiff's revision surgery was revised due to infection or without evidence of metallosis."

Defendants argue that this request seeks impermissible admissions, and seeks admissions to plaintiff's interpretation and/or the contents of documents without providing the documents. The Court finds that the Defendants are directed to answer Item number 28.

**Item No. 29**

Defendants contest the Request for Admission in Item number 29, which states: "Plaintiff's revision surgery was not revised due to infection or without evidence of metallosis."

Defendants argue that this request seeks improper admissions as to detailed technical, medical, or scientific information. The Court agrees, and therefore, the defendants are directed to not answer Item number 29.

**Item No. 30**

Defendants contest the Request for Admission in Item number 30, which states: "The letter sent from Defendant to Plaintiff on July 2, 2020, indicated that Defendants were unable to pursue Plaintiff's case because plaintiff had previously settled a hip device litigation with Stryker and the release entered into bars additional recovery on a second product."

Defendants argue that this request seeks impermissible admissions, and seeks admissions to plaintiff's interpretation and/or the contents of documents without providing the documents. The Court finds that the Defendants are directed to answer Item number 30.

**Item No. 31**

Defendants contest the Request for Admission in Item number 31, which states: "Plaintiff's previous settlement did not bar additional recovery on a second product."

Defendants argue that this request seeks improper admissions as to detailed technical, medical, or scientific information, and seeks a legal conclusion. The Court finds that this question

**154392/2022   PENNINGS, MARIE vs. NAPOLI & SHKOLNIK, PLLC ET AL**                    **Page 6 of 10**
**Motion No.  002**

6 of 10

goes "to the heart of the matters at issue." Therefore, the defendants are directed to not answer Item number 31.

### Item No. 32

Defendants contest the Request for Admission in Item number 32, which states: "The settlement agreement regarding Plaintiff's prior lawsuit due to the 2011 impact expressly referred only to plaintiffs who had affected products which were removed via revision surgery before November 3, 2014."

Defendants argue that this request seeks impermissible admissions as to plaintiff's interpretation and/or the contents of documents without providing the documents. The Court finds that this question goes "to the heart of the matters at issue." Therefore, the Defendants are directed to not answer Item number 32.

### Item No. 33

Defendants contest the Request for Admission in Item number 33, which states: "Plaintiff's revision surgery following the 2014 implantation did not occur until 2017."

Defendants argue that this request seeks improper admissions as to detailed technical, medical, or scientific information. The Court agrees, and therefore, the defendants are directed to not answer Item number 33.

### Item No. 34

Defendants contest the Request for Admission in Item number 34, which states: "The letter sent from Defendant to Plaintiff on July 2, 2020, indicated that Defendants "negotiated a dismissal without prejudice."

Defendants argue that this request seeks impermissible admissions as to plaintiff's interpretation and/or the contents of documents without providing the documents. Defendants also contend that plaintiff does not ask defendants to admit to the "genuineness of any papers or documents" under *CPLR §3123*. The Court finds that this question goes "to the heart of the matters at issue." Therefore, the Defendants are directed to not answer Item number 34.

### Item No. 36

Defendants contest the Request for Admission in Item number 36, which states: "Defendants wrote the July 2, 2020, letter to Plaintiff despite knowing that her case was about to be dismissed with prejudice due to Defendant's negligence."

Defendants argue that this request seeks impermissible admissions as to the parties' claims and defenses and/or other disputed issues of fact in the litigation. This Court finds that this question goes "to the heart of the matters at issue." Therefore, the Defendants are directed to not answer Item number 36.

### Item No. 37

Defendants contest the Request for Admission in Item number 37, which states: "Defendants wrote the July 2, 2020, letter to Plaintiff in an attempt to have Plaintiff believe her case was without merit."

Defendants argue that this request seeks impermissible admissions as to the parties' claims and defenses and/or other disputed issues of fact in the litigation. This Court finds that this question

**154392/2022   PENNINGS, MARIE vs. NAPOLI & SHKOLNIK, PLLC ET AL**       **Page 7 of 10**
**Motion No.  002**

7 of 10

goes "to the heart of the matters at issue." Therefore, the Defendants are directed to not answer Item number 37.

### Item No. 38

Defendants contest the Request for Admission in Item number 38, which states: "Following the July 2, 2020, letter from Defendant to Plaintiff, Plaintiff attempted to contact defendant on numerous occasions."

The defendants argue that the admission seeks contents of the communications between plaintiff and unidentified "defendants" and/or "an employee/associate of defendants" many without specification of the date of same. The Court agrees, and therefore, the defendants are directed to not answer Item number 38.

### Item No. 41

Defendants contest the Request for Admission in Item number 41, which states: "Defendants never provided notice to Plaintiff of the deficiency notice dated December 5, 2019."

Defendants argue that this request seeks impermissible admissions as to the parties' claims and defenses and/or other disputed issues of fact in the litigation. This Court finds that this question goes "to the heart of the matters at issue." Therefore, the Defendants are directed to not answer Item number 41.

### Item No. 42

Defendants contest the Request for Admission in Item number 42, which states: "With regard to the lawsuit brought by Defendants on behalf of Plaintiff in federal court (Docket No: MDL No. 1:17-md-2768-IT), Defendant violated CMO#6."

Defendants argue that this request seeks impermissible admissions as to plaintiff's interpretation and/or the contents of documents without providing the documents, and seeks a legal conclusion. Defendants also argue that this improperly seeks the parties' claims and defenses and/or other disputed issues of fact in the litigation. The Court finds that this question goes "to the heart of the matters at issue." Therefore, the defendants are directed to not answer Item number 42.

### Item No. 43

Defendants contest the Request for Admission in Item number 43, which states: "With regard to the lawsuit brought by Defendants on behalf of Plaintiff in federal court (Docket No: MDL No. 1:17-md-2768-IT), Defendant was found to have flagrantly disregarded the court's order and discovery obligations."

Defendants argue that this request seeks impermissible admissions, and seeks admissions to plaintiff's interpretation and/or the contents of documents without providing the documents. Defendants also argue that this improperly seeks the parties' claims and defenses and/or other disputed issues of fact in the litigation. The Court finds that this question goes "to the heart of the matters at issue." Therefore, the Defendants are directed to not answer Item number 43.

### Item No. 44

Defendants contest the Request for Admission in Item number 44, which states: "With regard to the lawsuit brought by Defendants on behalf of Plaintiff in federal court (Docket No:

**154392/2022  PENNINGS, MARIE vs. NAPOLI & SHKOLNIK, PLLC ET AL**           **Page 8 of 10**
**Motion No.  002**

8 of 10

MDL No. 1:17-md-2768-IT), Defendant was warned that Defendant's continued violation of Fed. R. Civ. P. 11 would result in sanctions."

Defendants argue that this request seeks impermissible admissions, and seeks admissions to plaintiff's interpretation and/or the contents of documents without providing the documents. Defendants also argue that this request improperly seeks admissions to the parties' claims and defenses and/or other disputed issues of fact in the litigation. The Court finds that this question goes "to the heart of the matters at issue." Therefore, the Defendants are directed to not answer Item number 44.

### Item No. 45

Defendants contest the Request for Admission in Item number 45, which states: "With regard to the lawsuit brought by Defendants on behalf of Plaintiff in federal court (Docket No: MDL No. 1:17-md-2768-IT), Plaintiff's claim was dismissed with prejudice."

Defendants argue that this request seeks impermissible admissions, and seeks a legal conclusion. The Court disagrees, and the Defendants are directed to answer Item number 45.

### Item No. 46

Defendants contest the Request for Admission in Item number 46, which states: "With regard to the lawsuit brought by Defendants on behalf of Plaintiff in federal court (Docket No: MDL No. 1:17-md-2768-IT), Plaintiff's claim was dismissed with prejudice due to Defendant's failure to comply with CMO#6."

Defendants argue that this request seeks impermissible admissions as to plaintiff's interpretation and/or the contents of documents without providing the documents. Defendants also argue that this request seeks a legal conclusion. The Court finds that this question goes "to the heart of the matters at issue." Therefore, the Defendants are directed to not answer Item number 46.

### Item No. 47

Defendants contest the Request for Admission in Item number 47, which states: "With regard to the lawsuit brought by Defendants on behalf of Plaintiff in federal court (Docket No: MDL No. 1:17-md-2768-IT), Plaintiff's had a valid cause of action."

Defendants argue that this requests improperly seeks admissions to the parties' claims and defenses and/or other disputed issues of fact in the litigation. Defendants also argue that this request seeks a legal conclusion. The Court finds that this question goes "to the heart of the matters at issue." Therefore, the Defendants are directed to not answer Item number 47.

### Item No. 48

Defendants contest the Request for Admission in Item number 48, which states: "Defendants never notified Plaintiff of any discovery deficiency as outlined by the Hon. Indira Talwani in her August 3, 2020, Memorandum and Order."

The defendants argue that the admission seeks contents of the communications between plaintiff and unidentified "defendants" and/or "an employee/associate of defendants" many without specification of the date of same. The Court finds that this question goes "to the heart of the matters at issue." Therefore, the Defendants are directed to not answer Item number 48.

**154392/2022   PENNINGS, MARIE vs. NAPOLI & SHKOLNIK, PLLC ET AL**          **Page 9 of 10**
**Motion No.  002**

9 of 10

[* 9]

**Item No. 49**

Defendants contest the Request for Admission in Item number 49, which states: "Defendants failed to prosecute any of Plaintiff's claims regarding the defective hip implant as referenced in the March 23, 2017, retainer agreement."

The defendants argue that the admission seeks contents of the communications between plaintiff and unidentified "defendants" and/or "an employee/associate of defendants" many without specification of the date of same. The Court finds that this question goes "to the heart of the matters at issue." Therefore, the Defendants are directed to not answer Item number 49.

Accordingly, it is hereby

**ORDERED** that the defendants shall furnish the responses and/or documents to the Notice to Admit, as directed herein, within 30 days from the date of this Order; and it is further

**ORDERED** that the portion of the defendants' motion requesting an Order that the plaintiff's attorney cures the lack of having a physical office within the State of New York has been resolved; and it is further

**ORDERED** that the portion of the motion seeking to deny, limit, condition or regulate the plaintiff's Deposition Notice, which seeks to conduct the deposition of defendant Farnolo in the state of New Jersey, is DENIED as moot at the plaintiff acknowledges that the defendants' depositions will be conducted in Manhattan pursuant to *CPLR §3110*; and it is further

**ORDERED** that the parties shall proceed with discovery in good faith and in an expeditious manner; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This Constitutes the Decision/Order of the Court.

**7/2/2024**
**DATE**

**LISA S. HEADLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154392/2022   PENNINGS, MARIE vs. NAPOLI & SHKOLNIK, PLLC ET AL**
**Motion No.  002**

**Page 10 of 10**

[* 10]