Minahan v New York City Tr. Auth. (2024 NY Slip Op 05140)

Minahan v New York City Tr. Auth.

2024 NY Slip Op 05140

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Index No. 162252/19 Appeal No. 2838 Case No. 2023-06178 

[*1]Ann Minahan, Plaintiff-Appellant,
v
New York City Transit Authority, et al., Defendants-Respondents.

Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for appellant.
Anna J. Ervolina, MTA Law Department, Brooklyn (Theresa Frame of counsel), for respondents.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered September 11, 2023, which denied plaintiff's motion for partial summary judgment and granted defendants' cross-motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that she was injured when she tripped over a crack in the sidewalk within 12 inches of a sidewalk grate. In support of her motion for summary judgment, plaintiff relied largely on a notice to admit to establish defendants' ownership of the sidewalk grate. Under the circumstances, the court providently exercised its discretion in determining that defendants were not bound by a deemed admission resulting from plaintiff's service of the notice to admit (see Torres v McCormick, 35 AD3d 443, 444 [2d Dept 2006]). The notice to admit was served by email at the onset of the pandemic shutdown in March 2020, and was not raised by plaintiff as an outstanding discovery item at a subsequent preliminary conference. Thus, it appeared that defendants' failure to respond was inadvertent, particularly since they had not admitted the allegation of ownership in their answer (see Fetahu v New Jersey Tr. Corp., 167 AD3d 514, 515 [1st Dept 2018]). Moreover, the court took judicial notice that, after defendants produced a witness who testified that defendants did not own the grate, which appeared to be a utility grate for the building abutting the sidewalk, plaintiff commenced a suit against the abutting owner and a utility after deposing that witness. Thus, plaintiff was not prejudiced by defendants' failure to respond (compare Hernandez v City of New York, 95 AD3d 793, 794 [1st Dept 2012]). Plaintiff submitted no other evidence in support of her claim that the grate was owned by defendants and thus did not meet her burden on her motion for summary judgment.
In support of their motion for summary judgment, defendants established prima facie that they did not own the sidewalk grate on which plaintiff tripped by relying on the testimony of their witness, a New York City Transit Authority project manager, who testified, based on his personal investigation of the sidewalk and review of a 1938 Plan of Sidewalk Grating, that the grate was not a subway grate that may have been owned or leased to defendants. Thus, defendants were not responsible for maintenance of the 12-inch perimeter around the grate (34 RCNY 2-07[b][1]; cf. Garrett v City of New York, 222 AD3d 554, 556 [1st Dept 2023]). In opposition, plaintiff failed to raise a triable issue of fact.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024