■ BENEFICIAL FINANCE CO. OF NEW YORK, INC., Appellant, v ARLENE YOUNGMAN, Respondent.—Order unanimously reversed, on the law, without costs, and judgment of Canandaigua City Court reinstated. Memorandum: In this action commenced by plaintiff Beneficial Finance Company to recover the balance due on a promissory note, defendant has interposed a counterclaim seeking damages by reason of plaintiff having wrongfully filed a wage assignment with her employer. Defendant had previously obtained an order vacating the wage assignment pursuant to article 3-A of the Personal Property Law and now asserts that she is entitled to recover her counsel fees in that proceeding, as well as other damages arising from the filing of the assignment. Defendant contends that the filing of the wage assignment constituted a tortious interference with her employment contract. Neither her counterclaim nor her affidavit in opposition to plaintiff's motion to dismiss the counterclaim, however, provides any basis upon which to conclude that she was discharged from her employment or that the conditions of her employment were affected in any way as a result of plaintiff's filing of the wage assignment. Accordingly, in the absence of any intentional interference with defendant's employment, we conclude that her counterclaim fails to state a cause of action (see *Israel v Wood Dolson Co.,* 1 NY2d 116, 120; see, also, 2 NY PJI, pp 831, 832). Also lacking merit is defendant's claim that she is entitled to recover her legal fees in connection with the proceeding to vacate the wage assignment. No ground is presented here for a departure from the general rule that counsel fees may not be recovered absent specific statutory authority or contractual obligation therefor (see *City of Buffalo v Clement Co.,* 28 NY2d 241, 262–263, mot for rearg den 29 NY2d 649; *Piaget Watch Corp. v Audemars Piguet & Co.,* 35 AD2d 920). Finally, plaintiff's motion for summary judgment should have been granted in view of defendant's failure to respond to its notice to admit (CPLR 3123, subd [a]). (Appeal from order of Ontario County Court—vacate summary judgment.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.