■ Marine Midland Bank, Appellant, v D. Wallace Bryce et al., Respondents.—Appeal from an order of the County Court at Special Term, entered August 21, 1978 in Rensselaer County, which denied plaintiff's motion for summary judgment. Plaintiff seeks to recover the sum of $360.33 plus attorney's fees of 20% from defendants under the terms of a Master Charge cardholder's agreement. Defendants in their answer and demand for a bill of particulars have interposed what is, in effect, a general denial. Upon plaintiff's motion for summary judgment and a notice to admit (CPLR 3123), defendants submitted an affidavit in opposition which merely alleged that the purchases appearing on their statements were incorrect and referred to certain letters wherein they demanded the disputed purchase slips and statements from plaintiff. The notice to admit was ignored. Finding there were triable issues of fact, the County Court denied the motion and noted, in particular, that since the notice to admit sought an admission that the charges were made or authorized by defendants, they were not matters about which "there can be no substantial dispute at the trial" (CPLR 3123, subd [a]). Accordingly, it found the notice an improper mode of discovery. We disagree. Defendants' affidavit in opposition is insufficient to defeat a motion for summary judgment. There are no evidentiary matters set forth; merely a bald conclusory allegation that plaintiff's records are incorrect. This is clearly insufficient (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 342; Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 259). Moreover, the notice to admit seeks defendants' acknowledgment of the correctness of the statements attached to plaintiff's bill of particulars, the originals of which had been previously forwarded to defendants in prior monthly statements, or their identification of those items which are incorrect. We find nothing offensive in this request and further note that a party failing to respond to the notice does so at its own peril

*(Beneficial Fin. Co. of N. Y. v Youngman,* 57 AD2d 727; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3123:8, p 612). Order reversed, on the law, and motion granted, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.