■ AMERICAN UTEX INTERNATIONAL, LTD., Respondent, v ICC CORPORATION, Appellant.—That part of order of the Supreme Court, New York County, entered July 26, 1979, denying defendant's cross motion to compel arbitration, unanimously reversed, on the law, with costs and disbursements, and defendant's cross motion for arbitration granted. This controversy arises out of an agreement between plaintiff and defendant for the purchase by plaintiff of 28,000 down-filled jackets to be shipped from Korea. Plaintiff alleges in its complaint that when the jackets were received they did not conform to the contract specifications. Defendant contends the parties had agreed to arbitrate plaintiff's claim. Plaintiff denies there was an agreement to arbitrate. That is the issue before us. On December 8, 1977 plaintiff issued a purchase order which did not have an arbitration provision. On or about the same date defendant issued a sales note signed by plaintiff's buyer and defendant's representative. The front of the note, at the

bottom, contained the words "Subject to the general terms and conditions set forth on the back hereof." The signature of each party appears immediately above the statement. On the back of the note, under the heading "Claims", was an arbitration provision, as follows: "Any dispute or difference arising out of or relating to this contract, or the breach thereof which cannot be settled amicably whithout [sic] undue delay by the interested parties shall be arbitrated in the Republic of Korea, under the rule of the Republic of Korea and in accordance with the rules of procedure of the Korean Commercial Arbitration Association." In commercial transactions, parties will not be bound to arbitrate unless they have expressly agreed to do so. (Matter of Marlene Inds. Corp. [Carnac Textiles], 45 NY2d 327, 333, 334.) We find there was such an express agreement, as plaintiff and defendant signed the sales note which contained the arbitration provision. Contrary to defendant's contention and the finding of Special Term, this matter does not present "a classic example * * * involving a 'battle of the forms' requiring the application of sec. 207(2)(b) of the UCC for its resolution." In those instances, the use of competing forms negates an agreement to arbitrate (see Matter of Doughboy Inds. [Pantosote Co.], 17 AD2d 216, 220; Marlene Inds. Corp. [Carnac Textiles], supra; see, also, Schubtex, Inc. v Allen Snyder, Inc., 49 NY2d 1). Such is not this case. Although the provisions of the respective forms before us did not match, plaintiff's signature on defendant's form (the sales note) evinced plaintiff's assent to the terms and conditions therein, including the arbitration provision. Plaintiff's signature affixed to defendant's form containing the arbitration provision, is the distinguishing feature of this case. Plaintiff's argument that it did not have sufficient notice of the arbitration provision is untenable. Plaintiff's buyer signed the note just above the statement which called attention to the provisions on the reverse side of the note. There were provisions on the reverse side, one of which was the arbitration provision. The order of July 26, 1979, in addition to denying defendant's cross motion to compel arbitration, granted plaintiff's motion to confirm an ex parte order of attachment. The ground for the attachment was that defendant was a foreign (Korean) corporation not authorized to do business in New York. We note that there was no appeal from that part of the order relating to the attachment. Defendant is at liberty, if it so chooses, to move at Special Term to vacate the attachment order. Concur—Birns, J. P., Sandler, Ross, Bloom and Yesawich, JJ.