OPINION OF THE COURT
Howard Berler, J.
In this action the plaintiff, Gail Schaeffer, sued the defendants for wrongfully, maliciously and negligently causing a restraining notice to be placed on the plaintiff’s checking account with the defendant, Chemical Bank. Apparently, the defendant Holgro obtained a judgment by its attorney Melvin Siegel against one George Schaeffer. Thereafter, the judgment creditor Holgro, by its attorney Melvin Siegel served a restraining notice on Chemical Bank which named George Schaeffer as judgment debtor but specified Account No. 885-609808 which was in the name of Gail Schaeffer. The bank notified Gail Schaeffer of the restraining notice and Melvin Siegel of the apparent name discrepancy of the specified account. However, the bank continued to restrain the account until the restraint was vacated by a court order. The defendant, Chemical Bank, moves for summary judgment to dismiss the complaint and the cross claims of the defendants Holgro and Siegel.
CPLR 5222 (subd [b]) states “A restraining notice served upon a person other than the judgment debtor is *549 effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served.” Further, the statute anticipated the wrongful issuance of a restraining notice. “A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint.”,
In Matter of Sumitomo Shoji N. Y. v Chemical Bank N. Y. Trust Co. (47 Misc 2d 741), the court was presented with the issue of the effectiveness of a restraining notice served upon a bank specifying an account held in a name other than that of the judgment debtor. The court outlined the legislative history of the specification provision in the restraining notice statute noting similar provisions in the attachment and execution statutes CPLR 6214 (subd [b]) and 5232. In each statute, there is also a provision for liability by the judgment creditor erroneously specifying a debt or property to the true owner for damages sustained by the restraint, attachment or execution. The court concluded that a judgment creditor’s specification of debt or property in a restraining notice is binding on the person served to the extent of forbidding payment or transfer except pursuant to an order of the court. The court stated that though a bank is liable to its customer for “wrongful dishonor” under the Uniform Commercial Code, the temporary dishonor of a customer’s checks after service of a restraining order would not be wrongful. It is clear that under the facts of the instant case, which have been agreed to by the parties, the bank has not wrongfully placed a restraining notice on the plaintiff’s account nor wrongfully dishonored the plaintiff’s checks.
Nevertheless, the plaintiff and the codefendants claim that the bank was negligent in placing a restraining notice on the plaintiff’s account. This contention is based *550 upon Walter v Doe (93 Misc 2d 286). In this case a checking account of the plaintiff was erroneously restrained by the attorney for the judgment creditor and the defendant bank’s motion to dismiss was denied under the circumstances. The restraining notice was in the name of Adrienne Walter as the judgment debtor and listed as a “possible” Account No. 12457921. The bank restrained this numbered account which was in the name of Leonard Walter. The bank then notified Adrienne Walter who had an account with the bank other than the one indicated on the restraining notice, that her account was restrained. It is clear under these circumstances that the bank could have been negligent in restraining the third party’s account when the judgment debtor also had an account with the bank and the bank apparently thought that they had restrained the judgment debtor’s account.
In the instant case there are no such attendant circumstances. The bank restrained an account specified in the restraining notice. The party opposing a motion for summary judgment must assemble and lay bare his affirmative proof to demonstrate the existence of a genuine triable issue of fact. (Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27; Marine Midland Bank v Bryce, 70 AD2d 754.) In view of the above, the motion for summary judgment by defendant, Chemical Bank, dismissing the complaint and the cross complaints of Holgro and Siegel is granted.