■ GREAT AMERICAN INSURANCE COMPANY, Respondent, v MATZEN CONSTRUCTION, INC., Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered November 5, 1984 in Rensselaer County, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for a protective order.

On June 2, 1981, plaintiff commenced an action for money due and owing for insurance premiums on two separate insurance policies issued by plaintiff to defendant. Pursuant to court order, an amended complaint was served on May 18, 1984. On June 13, 1984, defendant served an amended answer consisting of a general denial and the affirmative defense that the Statute of Limitations barred the action. On June 25, 1984, plaintiff served a notice to admit (CPLR 3123) on defendant. On July 13, 1984, defendant moved for a protective order. When no reply to the notice to admit was forthcoming, plaintiff moved for summary judgment. Special Term granted plaintiff's motion for summary judgment and denied defendant's cross motion for a protective order. This appeal by defendant ensued.

We affirm. Defendant never served any response to plaintiff's notice to admit. Eighteen days after service of the notice to admit, defendant served a bare notice of motion for a protective order with no supporting affidavits. Approximately one month later, defendant served supporting affidavits of its attorney and president. These affidavits indicate that the defendant objected only to items 1 (b), 2 and 5 of the notice to admit. Even if we were to concede that defendant's motion for a protective order was properly made and effective to work a suspension of disclosure, such suspension would apply only to

those items specifically objected to. Therefore, items 1 (a), 3, 4 and 6 should have been answered within the time designated by the statute. Thus, they must be deemed admitted for the purposes of this action (see, *Marine Midland Bank v Custer,* 97 AD2d 974, *affd* 62 NY2d 732; *Marine Midland Bank v Bryce,* 70 AD2d 754). Regarding the other items, granting of the protective order was within the discretion of Special Term and, if defendant could not truthfully admit or deny the matter requested in the notice to admit, its reasons should have been set forth in a sworn statement (CPLR 3123 [a]; *see, Constantino v Newman,* 47 AD2d 626). Special Term properly exercised its discretion in denying defendant's motion for a protective order.

Finally, we also conclude that Special Term was correct in granting summary relief to plaintiff. Since, as noted above, defendant is deemed to have admitted the information contained in items 1 (a), 3, 4 and 6 of the notice to admit, it is clear that defendant concedes that it requested plaintiff to issue insurance coverage, that it was billed for premiums and made only partial payments. While the affidavit in support of plaintiff's motion for summary judgment was sworn to by its attorney, who did not have personal knowledge of the facts, such affidavit served as a vehicle for the submission of the notice to admit (see, *Zuckerman v City of New York,* 49 NY2d 557, 563). Here, in opposition to the motion for summary relief and in support of the cross motion, we have only an affidavit of defendant's president which makes virtually no factual assertions and affidavits of its attorneys who had no personal knowledge of the facts. Such affidavits are entitled to little if any probative worth (*Spearmon v Times Sq. Stores Corp.,* 96 AD2d 552, 553).

Order affirmed, with costs. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.