■ Joseph A. Blair, Sr., et al., Plaintiffs, v County of Albany et al., Defendants, and Westchester Scaffold and Equipment Corporation, Defendant and Third-Party Plaintiff-Respondent. Asbestos Containment Corporation, Third-Party Defendant-Appellant.—Harvey, J. Appeal from an order and judgment of the Supreme Court (Conway, J.), entered March 28, 1986 in Albany County, which, *inter alia,* granted third-party plaintiff's motion for summary judgment.

Plaintiff Joseph A. Blair, Sr., was injured when the scaffolding he was working on allegedly collapsed. This action was subsequently commenced against the various defendants including the company which supplied the scaffolding, Westchester Scaffold and Equipment Corporation (Westchester). Westchester commenced a third-party action for indemnification against plaintiff's employer, Asbestos Containment Corporation (Asbestos Containment). Asbestos Containment had rented the scaffolding from Westchester and the terms of the agreement provided, *inter alia,* that Asbestos Containment "assumes all responsibility for claims asserted by any person growing out of the erection and maintenance, use or operation of said equipment by the lessee, and agrees to hold [Westchester] harmless from all such claims". The agreement further provided that Asbestos Containment "assumes and agrees to protect [Westchester] even against the consequences of [Westchester's] negligence and to indemnify [Westchester] against and hold [Westchester] harmless from any claims by anybody based on [Westchester's] negligence". Westchester subsequently moved for summary judgment seeking to have Asbestos Containment declared obligated to assume the defense of and to pay any costs incurred by Westchester in its defense of the main action, and to indemnify Westchester for any judgment or settlement against Westchester. Supreme Court granted Westchester's motion and this appeal ensued.

We affirm. Asbestos Containment is deemed to have admitted that the invoices and rental lease agreements in the record were representative of the agreement between it and Westchester since it failed to respond to Westchester's notice to admit dated July 26, 1985 *(see, Great Am. Ins. Co. v Matzen Constr.,* 114 AD2d 625, 626). The record reveals that these

rental lease agreements were signed to acknowledge receipt of the charged items. Immediately proceeding those signatures is a sentence stating that "[t]he above equipment has been counted and received in good condition and rented in accordance with terms and conditions * * * on reverse side". By signing the documents, Asbestos Containment expressly agreed to the indemnity condition on the reverse side *(see, American Utex Intl. v ICC Corp.,* 74 AD2d 747, *affd* 52 NY2d 888). The documentary evidence was sufficient to establish Westchester's right to summary judgment. Asbestos Containment's opposition to the motion for summary judgment, consisting solely of an attorney's affidavit, was insufficient to demonstrate a triable issue of fact.

Asbestos Containment asserts that summary judgment was prematurely granted in that Westchester has not yet incurred liability in the main action and that counsel fees were improperly awarded. In light of the broad language used in the agreement in which Asbestos Containment assumed all responsibility for claims, it is not necessary for Westchester to have sustained actual damages in the main action in order to be entitled to enforce the agreement *(see, McCabe v Queensboro Farm Prods.,* 22 NY2d 204, 208; *Maryland Cas. Co. v Staubinger,* 19 AD2d 26, 28-29). We further conclude that Supreme Court properly interpreted the provisions at issue as requiring Asbestos Containment to reimburse Westchester for its expenses already incurred and to assume its defense in the main action *(see, Lavorato v Bethlehem Steel Corp.,* 91 AD2d 1184).

Asbestos Containment's further arguments, not raised before Supreme Court, were not preserved for appellate review *(see, Arnold v New City Condominiums Corp.,* 88 AD2d 578).

Order and judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Levine and Harvey, JJ., concur.