*318 OPINION OF THE COURT
Nicholas Colabella, J.
Defendant Thomas Schwenke individually moves for: (1) summary judgment dismissing plaintiffs’ second cause of action with costs; (2) an award of attorneys’ fees in defending the second cause of action pursuant to 22 NYCRR part 130 based on frivolous conduct; (3) a direction requiring plaintiff PLG Liquidating Corp. (PLG) to pay the reasonable expenses incurred by him in making proof of the genuineness of documents and the truth of facts set forth in a notice to admit dated October 14, 1991.
The second cause of action asserts a claim against defendant Schwenke individually based on this alleged failure to pay the full amount of an asset purchase agreement stated to be $25,000. Plaintiffs seek $2,500 as the balance allegedly due them from the individual defendant. The motion for summary judgment is based on documentary evidence that the asset purchase agreement provided for $15,000 as the purchase price which defendant alleges was fully paid. Prior to this motion, defendant requested by service of a notice to admit that plaintiffs admit, inter alla, that full payment had been made under the terms of the asset purchase agreement. Plaintiffs refused. Defendant argues that the maintenance of the second cause of action and the refusal to admit as demanded by the notice to admit constitute frivolous conduct under 22 NYCRR part 130.
Plaintiffs oppose the granting of summary judgment and sanctions although they now concede defendant is correct as to the amount stated in the asset purchase agreement and correct that full payment was made thereunder. Plaintiff Guttridge, the principal of the corporation, explains the reference to $25,000 as the price in the asset purchase agreement and the allegation that $2,500 was still due were inadvertent errors. According to Guttridge, he took the $25,000 figure from an earlier draft of the asset purchase agreement because he did not have a copy of the signed final version. He claims the $2,500 balance claimed does not derive from the asset purchase agreement at all, but from a separate employment agreement referenced in the first cause of action against the corporate defendant. As to the notice to admit, Guttridge asserts it could not be admitted that plaintiff PLG Liquidating Corp. received payment because the checks were payable to an entity known as Hudson Antique Restoration, Ltd. and PLG *319 was not in existence at the time of receipt. Further, he defends the inability to admit to the genuineness of checks appended to the notice because plaintiffs did not have custody or control over the original documents and the copies were not certified.
Plaintiffs’ explanation for the second cause of action is markedly disingenuous. Even assuming, arguendo, the truth of the explanation that the second cause of action was drafted poorly and was inadvertently in error because Guttridge was unable to recall the correct amount, it is uncontroverted plaintiffs had a correct copy of the signed asset purchase agreement in hand on October 8, 1991, when Guttridge was deposed. When queried by defendants’ counsel as to the accuracy of the complaint that had been verified by plaintiffs’ counsel, Guttridge stated he had seen it before it was verified and that the facts pleaded were correct. The inquiries by defendants’ counsel were certainly sufficient to focus Guttridge and plaintiffs’ attorney at that time on the issue of whether there was a factual basis for liability against defendant Schwenke individually as alleged in the second cause of action.
The refusal to admit, as demanded in the notice to admit, the receipt and genuineness of checks by plaintiff PLG for the full debt due under the asset purchase agreement is equally disingenuous. As described in paragraphs 2 and 3 of plaintiffs’ complaint PLG "was a domestic corporation, incorporated and existing under the laws of the State of New York and was organized on or about February 11, 1986, under the corporate name of Hudson Antique Restoration Ltd. * * * Thereafter and until or about February 15, 1989, Hudson Antique Restoration Ltd., conducted its business under the original name. On or about February 16,1989, pursuant to Section 801 of the Business Corporation Law of the State of New York, the corporation changed its name to PLG Liquidating Corp. and it has since been known and has conducted its business under that name.” In short, while the name of the corporation changed, the corporate entity did not (Business Corporation Law § 801; Department of Justice, Fed. Bur. of Investigation v Calspan Corp., 578 F2d 295). There was no reason, let alone legal basis, therefore, for the corporate plaintiff as PLG to deny receipt of full payment to it as Hudson. Likewise, PLG should certainly have been able to admit the genuineness of the copies of the checks based on the deposits to its account, *320 the date of the checks and the endorsements on the back of the checks.[1]
Viewed against an objective standard, the failure of plaintiffs to perform any reasonable inquiry into the facts before asserting the second cause of action and the failure to admit incontrovertible facts constituted frivolous conduct. Such conduct was completely without merit and could not be supported by a reasonable argument for an extension, modification or reversal of existing law (22 NYCRR 130-1.1 [c] [1]). The fact that plaintiffs now oppose the motion for summary judgment, after conceding defendant Schwenke’s lack of individual liability, only strengthens this conclusion, is frivolous in itself, and compels the added finding that plaintiffs have acted in bad faith, primarily to delay or prolong the resolution of the litigation against defendant Schwenke individually, or to harass or maliciously injure him. Plaintiffs’ counsel must share the blame for such frivolous conduct as it was also his responsibility in preparing and verifying the complaint, and in conducting this litigation, to make diligent inquiry into the facts and to discontinue litigation when it became apparent it lacked any merit.[2] The frivolous conduct by plaintiffs and their attorney has not only burdened defendant by forcing him to incur legal expenses in defense of needless litigation, it has burdened the court by having to intervene on defendant’s behalf. An award of costs and sanctions is needed here not only to compensate defendant, but to deter abuse of the judicial system and to ensure the orderly administration of justice.[3]
The second cause of action against defendant Schwenke is dismissed. The court imposes costs pursuant to 22 NYCRR part 130 as attorneys’ fees, payable by plaintiffs to defendant in the amount of $1,800 and motion costs in the amount of *321 $100 pursuant to CPLR 8202.[4] The court imposes sanctions pursuant to 22 NYCRR part 130 as a fine payable by plaintiffs’ attorney — William Florence, Jr. — to the Client Security Fund in the amount of $750. The award of costs and sanctions shall be entered as a judgment of the court (22 NYCRR 130-1.2) unless payment is made within 20 days of the date of this order. Proof of payment to the Client Security Fund shall be provided to the court by April 30, 1992.

. If some qualification was needed it could have been stated in the response to the notice to admit. CPLR 3123 states: "If the matters of which an admission is requested cannot be fairly admitted without some material qualification or explanation * * * such party may, in lieu of a denial or statement, serve a sworn statement setting forth in detail his claim and, if the claim is that the matters cannot be fairly admitted without some material qualification or explanation, admitting the matters with such qualification or explanation.”

. If plaintiffs refused to discontinue, counsel could have moved to withdraw.

. The amount, imposed as costs and sanctions are, in the court’s view, the minimum to compensate defendant Schwenke and to achieve any measure of deterrence. Anything less would, in effect, reward plaintiffs for their tactics and amount to a slap on the wrist to plaintiffs’ attorney.

. The amount of attorneys’ fees is that requested by defendant’s counsel as his fees on the motion based on time expended. The court’s review of the motion confirms the reasonableness of the time spent. Plaintiffs raise no objection as to counsel’s statement of his services as would merit a hearing.