■ JOSEPH M. KOWALSKI, Respondent, v ROBIN B. KNOX, Appellant. [741 NYS2d 291] —Rose, J. Appeal from an order of the Supreme Court (Kramer, J.), entered April 20, 2001 in Schenectady County, which granted plaintiff's motion for summary judgment.

Plaintiff commenced this action to recover $12,000 paid to defendant as a down payment pursuant to a written contract for the purchase of real property which was never conveyed. Defendant, proceeding pro se, served an answer containing only a general denial. Plaintiff then served a notice to admit asking defendant to admit or deny, inter alia, his receipt of the down payment. After expiration of a 60-day extension of time to respond requested by defendant, plaintiff moved for summary judgment based upon the pleadings, the fully executed contract calling for payment of "$12,000.00 as a deposit now," the notice to admit and his counsel's affirmation that defendant had failed to respond to the notice to admit. Supreme Court rejected defendant's argument that there is a question of fact as to whether plaintiff paid the $12,000, and granted summary judgment in plaintiff's favor. Defendant now appeals.

Initially, we cannot consider defendant's argument that the notice to admit was improper because it is raised for the first time on this appeal (*see, Roel Partnership v Amwest Sur. Ins. Co.*, 258 AD2d 780, 781; *McCue v McCue*, 225 AD2d 975, 977). Were we to do so, we would find that, as a result of defendant's unexcused neglect to respond to the notice within either the

original 20-day period or the 60-day extension or to timely seek relief from its allegedly improper request (*see,* CPLR 3103), Supreme Court properly considered defendant to have admitted all of the statements in the notice to admit (*see,* CPLR 3123 [a]; *Blair v County of Albany,* 127 AD2d 950, 950).

Defendant also challenges the sufficiency of plaintiff's moving papers because they include only an affirmation by plaintiff's counsel, who lacked personal knowledge of whether the down payment was made. Plaintiff's counsel did, however, have personal knowledge of defendant's failure to respond to the notice to admit. In addition, the affirmation of plaintiff's counsel served as a vehicle to present the pleadings, which included a copy of the written contract reciting that the $12,000 down payment was made, the notice to admit and defendant's request for a 60-day extension (*see, Zuckerman v City of New York,* 49 NY2d 557, 563). These submissions established prima facie plaintiff's right to summary judgment (*see, Great Am. Ins. Co. v Matzen Constr.,* 114 AD2d 625, 626; *Marine Midland Bank v Bryce,* 70 AD2d 754, 754). As the only factual assertion offered in opposition by defendant was the general denial in his verified answer, Supreme Court correctly found that defendant failed to meet his burden of raising a triable issue of fact precluding summary judgment (*see, Bethlehem Steel Corp. v Solow,* 51 NY2d 870, 872; *Bronowski v Magnus Enters.,* 61 AD2d 879, 880).

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.