Residential Energy JV LLC v Pinto (2025 NY Slip Op 51793(U))

[*1]

Residential Energy JV LLC v Pinto

2025 NY Slip Op 51793(U)

Decided on November 7, 2025

Supreme Court, Westchester County

Walsh, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2025
Supreme Court, Westchester County

Residential Energy JV LLC d/b/a Paraco Plumbing, Plaintiff,

against
Edwin Pinto, Pinto Plumbing & Heating Corporation, Melquin Pocheco and Ethans Plumbing & Heating LLC, Defendants.

Index No. 59095/2024

DEIORIO LAW GROUP PLLC
By: Andrew D. Brodnick, Esq.
Attorneys for Plaintiff 
800 Westchester Ave, Suite 608
Rye Brook, NY 10573
TANTLEFF & KREINCES, LLP
By: Matthew R. Kreinces, Esq. 
Attorneys for Defendants Edwin Pinto and Pinto Plumbing & Heating Corporation
170 Old Country Road, Suite 316
Mineola, NY 11501
CHAPNICK & ASSOCIATES, PC
By: Robert Alan Chapnick, Esq.
Attorneys for Defendants Melquin Pocheco & Ethans Plumbing & Heating LLC
50 Main St., Fl 10
White Plains, NY 10606

Gretchen Walsh, J.

The following e-filed documents, listed in NYSCEF by document numbers 159-215, 232-234, were read on this motion brought by Order to Show Cause ("OTSC") by Plaintiff Residential Energy JV LLC d/b/a Paraco Plumbing ("Plaintiff" or "Paraco") against Defendants [*2]Edwin Pinto ("Pinto") and Pinto Plumbing & Heating Corporation ("Pinto Plumbing") (together the "Pinto Defendants") for an Order holding that the Pinto Defendants' Demand for Execution dated September 16, 2025 is not a proper response to Plaintiff's Notice to Admit dated September 15, 2025,[FN1]
and deeming the matters of which an admission is sought by Plaintiff's Notice to Admit, admitted by the Pinto Defendants. The Pinto Defendants oppose Plaintiff's motion.
Upon the foregoing papers, and for the reasons stated herein, Plaintiff's motion shall be granted.
BACKGROUND
Plaintiff initiated this action by filing its Summons and Verified Complaint on March 22, 2024 (NYSCEF Doc. No. 1). Plaintiff filed a proposed OTSC on March 26, 2024 seeking a temporary restraining order and preliminary injunction (NYSCEF Doc. No. 2). During an April 17, 2024 conference on Plaintiff's OTSC, Plaintiff withdrew its OTSC based on the parties' stipulation that Defendants would not solicit Plaintiff's current customers (NYSCEF Doc. No. 51 at l3-14). On April 3, 2024, the Pinto Defendants filed their Verified Answer (NYSCEF Doc. No. 23). On April 30, 2024, this Court held a Preliminary Conference and issued its Preliminary Conference Order which set November 1, 2024 as the date for the completion of discovery and scheduled a Trial Readiness Conference for November 6, 2024. On May 21, 2024, Defendants Melquin Pocheco ("Pocheco") and Ethans Plumbing & Heating LLC ("Ethans Plumbing") filed their Verified Answer (NYSCEF Doc. No. 32). On September 9, 2024, Plaintiff filed a second proposed OTSC seeking an order, pursuant to CPLR 6301 and CPLR 6311, enjoining and restraining Defendants from soliciting or performing any service work at the Silo Ridge Field Club in Amenia, New York ("Silo Ridge") (NYSCEF Doc. No. 44). On January 3, 2025, the Court issued a Decision and Order denying Plaintiff's motion for a preliminary injunction ordering Defendants to cease any and all work with customers at Silo Ridge (NYSCEF Doc. No. 75). During the course of discovery, the Court presided over a number of discovery dispute conferences and as a result of those conferences, extended the discovery cut-off date to January 23, 2025. At the Trial Readiness Conference held on January 24, 2025, based on this Court's prior adjournments to the deadline for the end of discovery and the numerous warnings given that any discovery not completed by the Trial Readiness Conference would be deemed waived, the Court issued the Trial Readiness Order determining that, to the extent that there was outstanding discovery, it was deemed waived (NYSCEF Doc. No. 76). Plaintiff served and filed its Note of Issue on February 2, 2025 (NYSCEF Doc. No. 77), which required all motions for summary judgment to be served/filed within 45 days of the filing of the Note of Issue.
On February 6, 2025, the Pinto Defendants filed a motion for summary judgment. By Decision and Order filed May 23, 2025, this Court denied the branches of Defendants' motion seeking dismissal of Plaintiff's causes of action for breach of fiduciary duty and unfair competition as there were triable issues of fact concerning Defendant Pinto's disloyalty to Plaintiff and his collusion with Defendants Pocheco and Ethans Plumbing to divert bids and customers to Defendants Ethans Plumbing and Pinto Plumbing and granted that branch of Pinto [*3]Defendant's motion seeking dismissal of Plaintiff's cause of action for unjust enrichment as duplicative (NYSCEF Doc. No. 154). Following the partial denial of the Pinto Defendants' motion, at a conference held on June 2, 2025, the Court scheduled the trial in this action to commence on October 9, 2025.
In order to expedite the trial, on September 15, 2025, Plaintiff served a Notice to Admit with attached Exhibits A-X upon Defendants Pocheco and Ethans Plumbing and they responded by admitting all 29 requests to admit (NYSCEF Doc. Nos. 159-183, 215).[FN2]
On September 15, 2025, Plaintiff served a Notice to Admit with attached Exhibits A-X upon the Pinto Defendants (NYSCEF Doc. Nos. 184-207). The Notice to Admit sought the following:
1. Admit that the document annexed as Exhibit "A" is a genuine copy of a check in the amount of $10,000 dated December 7, 2023 issued by Defendant Ethans Plumbing & Heating LLC ("Ethans Plumbing") to Defendant Pinto Plumbing and Heating Corporation ("Pinto Plumbing").
2. Admit that the documents annexed as Exhibit "B" are genuine copies of emails sent by pintothuesen@gmail.com to an email address belong to either Defendant Ethans Plumbing or Melquin Pocheco ("Pocheco").
3. Admit that Defendant Edwin Pinto commenced employment with Defendant Ethans Plumbing on or about May 25, 2024.
4. Admit that the ADP Earnings Statements attached hereto as Exhibit "C" are genuine copies of documents relating to Defendant Pinto's employment with Defendant Ethans Plumbing.
5. Deleted.
6. Admit that Defendant Pinto used a cell phone with the number 203 604 4715 from March 6, 2021 through March 22, 2024.
7. Admit that Defendant Pinto used the cell phone with the number 203 604 4715 to send texts and attachments to cell phone number 914 843 8022 from March 6, 2021 through March 22, 2024.
8. Admit that Defendant Pinto received texts and attachments on the cell phone with the number 203 604 4715 from the cell phone number 914 843 8022 from March 6, 2021 through March 22, 2024.
9. The cell phone with the phone number 914 843 8022 was in the possession of and used by Defendant Pocheco.
10. Admit that the texts and attachments set forth in Exhibit "E" were transmitted between cell phone numbers 914 843 8022 and 203 604 4715.
11. Admit that the attachment set forth in Exhibit "F" (see reduced version in Exhibit "E", p. 0009) was transmitted from cell phone number 914 843 8022 to 203 604 4715.
12. Admit that the attachment set forth in Exhibit "G" (see reduced version in Exhibit "E", p. 0016) was transmitted from cell phone number 203 604 4715 to 914 843 8022.
13. Admit that the attachment set forth in Exhibit "H" (see reduced version in Exhibit "E", p. 0048) was transmitted from cell phone number 914 843 8022 to 203 604 4715.
14. Admit that the attachment set forth in Exhibit "I" (see reduced version in Exhibit "E", p. 0058) was transmitted from cell phone number 203 604 4715 to 914 843 8022.
15. Admit that the attachment set forth in Exhibit "J" (see reduced version in Exhibit "E", p. 00059) was transmitted between cell phone numbers 914 843 8022 and 203 604 4715.
16. Admit that the attachment set forth in Exhibit "K" (see reduced version in Exhibit "E", p. 000101) was transmitted between cell phone numbers 914 843 8022 and 203 604 4715.
17. Admit that the attachment set forth in Exhibit "L" (see reduced version in Exhibit "E", p. 00105) was transmitted from cell phone number 914 843 8022 to cell phone number 203 604 4715.
18. Admit that the attachment set forth in Exhibit "M" (see reduced version in Exhibit "E", p. 00109) was transmitted from cell phone number 914 843 8022 to cell phone number 203 604 4715.
19. Admit that the attachment set forth in Exhibit "N" (see reduced version in Exhibit "E", p. 00118) was transmitted from cell phone number 914 843 8022 to cell phone number 203 604 4715.
20. Admit that the attachment set forth in Exhibit "O" (see reduced version in Exhibit "E", p. 00141) was transmitted from cell phone number 914 843 8022 to cell phone number 203 604 4715.
21. Admit that the attachment set forth in Exhibit "P" (see reduced version in Exhibit "E", p. 00166-67) was transmitted from cell phone number 914 843 8022 to cell phone number 203 604 4715.
22. Admit that the attachment set forth in Exhibit "Q" (see reduced version in Exhibit "E", p. 00188) was transmitted from cell phone number 914 843 8022 to cell phone number 203 604 4715.
23. Admit that the attachment set forth in Exhibit "R" (see reduced version in Exhibit "E", p. 00199) was transmitted from cell phone number 914 843 8022 to cell phone number 203 604 4715.
24. Admit that the attachment set forth in Exhibit "S" (see reduced version in Exhibit "E", p. 00188) was transmitted from cell phone number 203 604 4715 to cell phone number 914 843 8022.
25. Admit that the attachments set forth in Exhibit "T" (see reduced version in Exhibit "E", p. 00224-227) was transmitted from cell phone number 203 604 4715 to cell phone number 914 843 8022. (Plaintiff Second Supplemental Production 129-134.)
26. Admit that the attachment set forth in Exhibit "U" (see reduced version in Exhibit "E", p. 00227) was transmitted from cell phone number 914 843 8022 to cell phone number 203 604 4715. (Plaintiff Second Supplemental Production 135.)
27. Admit that the attachment set forth in Exhibit "V" (see reduced version in Exhibit "E", p. 00246-47) was transmitted from cell phone number 203 604 4715 to cell phone number 914 843 8022. (Plaintiff Second Supplemental Production 163-64.)
28. Admit that the attachment set forth in Exhibit "W" (see reduced version in Exhibit [*4]"E", p. 00251-52) was transmitted from cell phone number 203 604 4715 to cell phone number 914 843 8022. (Plaintiff Second Supplemental Production 159-60.)
29. Admit that the attachment set forth in Exhibit "X" (see reduced version in Exhibit "E", p. 00151) was transmitted from cell phone number 914 843 8022 to cell phone number 203 604 4715. (Plaintiff Second Supplemental Production 114-15.)
30. Admit that the attachment set forth in Exhibit "Z" is a genuine copy of Defendant Pinto Plumbing's certification of incorporation.
31. Admit that the attachments set forth in Exhibit "AA" are genuine copies of checks from Defendant Ethans' Plumbing payable to Defendant Pinto.
32. Admit that the attachments set forth in Exhibit "BB" are genuine copies of invoices issued by Defendant Pinto Plumbing.
33. Admit that the attachment set forth in Exhibit "CC" is a genuine copy of a check from 1 N Water LLC to Defendant Pinto Plumbing.
34. Admit that the attachment set forth in Exhibit "DD" is a genuine copy of a check from Elaine T Wasserman to Defendant Pinto Plumbing.
35. Admit that the attachments set forth in Exhibit "EE" are genuine copies of checks from Silo Ridge to Defendant Pinto Plumbing (NYSCEF Doc. No. 184).
On September 16, 2025, the Pinto Defendants responded with a Demand for Execution as follows:
1. The matters of which an admission is requested cannot be fairly admitted without some material qualification or explanation, or if the matters constitute a trade secret or such party would be privileged or disqualified from testifying as a witness concerning them as the matter has to be decided by a jury.
2. Exhibits A-EE and All Exhibits. The matters of which an admission is requested cannot be fairly admitted without some material qualification or explanation, or if the matters constitute a trade secret or such party would be privileged or disqualified from testifying as a witness concerning them as the matter has to be decided by a jury (NYSCEF Doc. No. 208).
The verification attached to the Demand for Execution was signed by Defendant Pinto before a notary and provides:
I, Edwin Pinto, being duly sworn, deposes and says:
I am the President of the defendant, herein; that I have read the Notice to Admit herein; that I know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true (id.).
On September 17, 2025, Plaintiff moved by OTSC for an Order: (1) holding that the Pinto Defendants' Demand for Execution dated September 16, 2025 is not a proper response, under CPLR 3123, to Plaintiff's Notice to Admit, and (2) deeming the matters of which an admission is sought by Plaintiff's Notice to Admit, admitted by the Pinto Defendants (NYSCEF Doc. No. 209). In support of its motion, Plaintiff submits an Affirmation of Andrew D. Broderick, Esq. dated September 17, 2025, with attached Exhibits A-C (i.e., the Notice to Admit, excerpts of Defendant Pinto's Deposition testimony, and the Pinto Defendants' Response to the Notice to Admit [NYSCEF Doc. Nos. 210-213]). The Court signed the OTSC on September 17, 2025 and set the return date for October 3, 2025, with opposition to be filed no later than [*5]October 1, 2025 (NYSCEF Doc. No. 214). On September 22, 2025, the Pinto Defendants' counsel, Matthew R. Kreinces, Esq. filed an OTSC seeking an order: (1) precluding non-party witnesses from testifying at trial; and (2) granting a 60-day adjournment of the trial based on Kreinces' medical condition (NYSCEF Doc. Nos. 216-225). The first branch of the motion was mooted by Plaintiff's counsel's agreement not to call the non-party witnesses he had put on his witness list (NYSCEF Doc. No. 230), and the Court granted Kreinces' request for a 60-day adjournment of the trial (NYSCEF Doc. No. 231). The trial is now scheduled to begin on December 3, 2025.
Despite his medical condition, Kreinces was nevertheless able to attend a destination wedding in Greece, which apparently prevented him from attending the return date on Plaintiff's OTSC virtually, as he had another attorney appear in his place on October 3, 2025. At that conference, the Court stated that it would grant Plaintiff's motion as the Pinto Defendants defaulted by not submitting their opposition on October 1, 2025, nor did Kreinces request an adjournment of his time to put in opposition.[FN3]
On October 5, 2025, Kreinces filed an Affirmation in Opposition dated October 3, 2025 (NYSCEF Doc. No. 232). By letter to the Court dated October 6, 2025, Plaintiff argued that the Pinto Defendants' opposition papers were untimely and, therefore, should not be considered by the Court (NYSCEF Doc. No. 234).
DISCUSSION
Plaintiff argues that the Pinto Defendants' Demand for Execution is not a proper response to Plaintiff's Notice to Admit and that, therefore, the Court should deem the matters of which an admission is sought, by the Notice to Admit, admitted by the Pinto Defendants. Specifically, Plaintiff argues that the Pinto Defendants merely regurgitated the requirements of a response under CPLR 3123 rather than attempting to comply with those requirements by submitting "a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why [the Pinto Defendants] cannot truthfully either admit or deny those matters" or "if the claim is that matters cannot be fairly admitted without some material qualification or explanation, admitting the matters with such qualification or explanation" (CPLR 3123[a]). Thus, Plaintiff argues that a response that does not comply with CPLR 3123 should be treated as an admission. In that regard, Plaintiff also argues that the Pinto Defendants failed to comply with CPLR 3123 as the Demand for Execution is not properly verified by Defendant Pinto because the verification fails to include the necessary language set forth in CPLR 2106. Finally, Plaintiff argues that the express terms of Defendant Pinto's verification admit the truth of the matters in the Notice to Admit.
The Pinto Defendants oppose Plaintiff's motion by their untimely submission on October 5, 2025, of an Affirmation in Opposition of Kreinces dated October 3, 2025 (NYSCEF Doc. No. 232). Kreinces' affirmation states, "[b]y way of simple background I am immune-compromised and was hospitalized. I am unable to drive at the moment. (See my medical records annexed hereto.)" (NYSCEF Doc. No. 232 at ¶ 3). In a footnote, Kreinces states that "I have advised Mr. [*6]Pinto that he may need new counsel too" (id. at n1).[FN4]
The Court notes that Kreinces' Opposition Affirmation does not detail the dates or the circumstances of his hospitalization and that, despite Mr. Kreinces' reference to his annexed medical records, there are no medical records annexed. Regardless, the OTSC was returnable on October 3, 2025 and the Court directed that any opposition had to be served and filed by 4 p.m. on October 1, 2025 (NYSCEF Doc. No. 214). Thus, the Kreinces Opposition was untimely submitted in opposition to Plaintiff's motion (NYSCEF Doc. No. 232). In any event, even if the Court were to consider the untimely submission, it would not change the Court's conclusion as to the propriety of the Notice to Admit and that, by failing to provide a proper response, the Pinto Defendants are deemed to have admitted the Notice to Admit's requests for admission. Thus, Kreinces' arguments that the Notice to Admit is improper because it seeks an admission of ultimate fact and that "plaintiffs have not met their burden for an admission. (Citations omitted.)," are conclusory, as Kreinces fails to specify the requests that seek the admission of an ultimate fact (id. at ¶ 10). In addition, these arguments are belied by a review of the 35 requests to admit contained in the Notice to Admit (NYSCEF Doc. No. 184). Kreinces' argument that, "[n]either the CLPR nor case law permit plaintiff to do this," fails to cite to any specific section of the CPLR or any caselaw (NYSCEF Doc. No. 232 at ¶ 9). Similarly, Kreinces' arguments that "the use of a Notice to Admit is wrong at this stage of the litigation" and that "[f]acts are to be determined by the jury not as a matter of law" are also conclusory and not supported by any cited legal authority (id. at ¶¶ 5,7). The very terms of CPLR 3123 provide that a Notice to Admit may be served "[a]t any time after service of the answer or after the expiration of twenty days from service of the summons, whichever is sooner, and not later than twenty days before the trial" (CPLR 3123). Furthermore, it is well settled that a Notice to Admit is "properly used to eliminate from a trial matters which are easily provable and about which there can be no controversy" (Samsung Am., Inc. v Yugoslav-Korean Consulting & Trading Co., 199 AD2d 48, 49 [1st Dept 1993]; see also Villa v New York City Hous. Auth., 107 AD2d 619, 619-620 [1st Dept 1985] [a notice to admit "is a vehicle for resolving and eliminating from contention matters which, though factually relevant, are not really in dispute"]; Robert L. Haig, New York Practice Series, Commercial Litigation in New York State Courts § 32:9 [5th ed, Oct. 2025 update] ["Because of the quantity of documents normally generated in commercial transactions and the objective nature of the factual content of such matters, this device has special utility in litigation relating to commercial claims . . . The scope of CPLR 3123 is limited to 'clear cut' matters of fact in order to expedite a trial by eliminating issues about which there should be no dispute"]). A review of the record confirms that Plaintiff's Notice to Admit, dated September 15, 2025, was timely served upon the Pinto Defendants, after service of the answer and not later than twenty days before a scheduled trial, in compliance with CPLR 3123 (NYSCEF Doc. No. 184) and that the requests themselves seek admissions of "'clear cut' matters of fact in order to expedite [the] trial in this matter by [*7]eliminating issues about which there should be no dispute," particularly given Pocheco and Ethans Plumbing's admission of these same matters in their response to admit, and Pinto's admission of many of these facts at his deposition.
CPLR 3123(a) provides in pertinent part:
Notice to admit; admission unless denied or denial excused . . . a party may serve upon any other party a written request for admission by the latter of the genuineness of any papers or documents, or the correctness or fairness of representation of any photographs, described in and served with the request, or of the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by [such other party] upon reasonable inquiry. Copies of the papers, documents or photographs shall be served with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless within twenty days after service thereof . . . the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why [such party] cannot truthfully either admit or deny those matters. If the matters of which an admission is requested cannot be fairly admitted without some material qualification or explanation, or if the matters constitute a trade secret or such party would be privileged or disqualified from testifying as a witness concerning them, such party may, in lieu of a denial or statement, serve a sworn statement setting forth in detail [such party's] claim and, if the claim is that the matters cannot be fairly admitted without some material qualification or explanation, admitting the matters with such qualification or explanation (CPLR 3123[a]).
"The legislative policy underlying CPLR 3123(a) is to promote efficiency in the litigation process . . . ." (Altman v Kelly, 128 AD3d 741, 742 [2d Dept 2015]). In that regard, "the purpose of a notice to admit is only to eliminate from contention those matters which are not in dispute in the litigation and which may be disposed of" (American Bldrs. & Contrs. Supply Co. v Vinyl is Final, Inc., 222 AD3d 708, 709 [2d Dept 2023]).[FN5]
A Notice to Admit is not intended to be used in lieu of other available discovery devices to obtain the sought information, such as depositions (see 32nd Avenue LLC, Angelo Holding Corp., 134 AD3d 696 [2d Dept 2015]). Moreover, it is not an abuse of the Court's discretion to find that a Notice to Admit is palpably improper where the Notice to Admit may nonetheless contain some proper requests, as the Court is not required to prune the Notice to Admit by striking those improper requests while leaving others intact (see Pasek v Catholic Health Sys., Inc., 195 AD3d 1477 [4th Dept 2021]; [*8]Berg v Flower Fifth Ave. Hosp., 102 AD2d 760 [1st Dept 1984]). Finally, it is improper to use a Notice to Admit to compel an admission of the ultimate legal conclusion or the material facts in contention, as such determinations must await a full trial (see Altman, 128 AD3d 741). For example, a Notice to Admit may not be used to concede causation, accepted medical practices and procedures, expert medical opinion or whether an employee's actions were done in the course of or in furtherance of the employee's employment by the employer (see Altman, 128 AD3d 741; Berg, 102 AD2d 760).
Here, in accordance with the requirements of CPLR 3123, unless copies were already furnished to the Pinto Defendants, Plaintiff was required to attach to the Notice to Admit copies of the papers, documents and photographs which the Notice to Admit sought an admission of their genuineness (NYSCEF Doc. Nos. 185-207). Plaintiff did attach Exs. A through X (NYSCEF Doc. Nos. 185-207), but Plaintiff did not attach what it refers to as Exs. Z, AA, BB, CC, DD, and EE. Because the Pinto Defendants have not objected on the basis that they were not previously provided with copies of these exhibits, the Court views these exhibits as falling within the exception to the rule requiring that copies of the documents be attached to the Notice to Admit as they were previously provided to the Pinto Defendants. The Requests to Admit seeking the Pinto Defendants admission as to the genuineness of certain documents are entirely proper and the Pinto Defendants failure to properly respond to same renders these statements in the Notice to Admit deemed admitted (see Abdourahamane v Public Stor. Inst. Fund III, 190 AD3d 666, 668 [2d Dept 2021], lv dismissed 37 NY3d 1018 [2021] [Second Department upholds validity of Notice to Admit "because it only sought to establish the genuineness of a document"]; New Image Constr., Inc. v TDR Enter. Inc., 74 AD3d 680 [1st Dept 2010] [defendants' failure to respond to Notice to Admit, seeking admission as to the genuineness of: [1] a construction agreement; [2] a loan document in which defendant represented to bank that plaintiff had completed its work; and [3] canceled checks made payable to plaintiff but endorsed and cashed by defendants, resulted in the genuineness of these documents being deemed admitted]; Rosenfeld v Vorsanger, 5 AD3d 462 [2d Dept 2004] [Notice to Admit which sought to determine whether certain documents were faxed from defendants' office to the plaintiff's counsel's office in December 3, 2000 was entirely proper]; Hernandez v City of NY, 95 AD3d 793, 794 [1st Dept 2012] ["[T]he notice to admit, which addressed matters regarding the ownership, control and duty to maintain the metal grating upon which plaintiff allegedly fell, did not demand answers to material issues of fact . . . Further, the notice to admit property addressed factual issues likely to be within defendant's knowledge or which it could ascertain upon reasonable inquiry"]; Murphy v Univ. Club, 200 AD2d 532, 533 [1st Dept 1994] ["As [third party subcontractor] has not claimed any genuine dispute as to whether the construction contract was 'in full force and effect', it is evident that the admission is sought only to resolve an easily resolvable factual dispute — i.e., whether [the subcontractor] claimed to have cancelled or otherwise repudiated the contract"]; Guttridge v Schwenke, 155 Misc 2d 317, 319-320 [Sup Ct, Westchester County 1992], affd 203 AD2d 242 [2d Dept 1994] [in response to a Notice to Admit, defendant "should . . . have been able to admit to the genuineness of the copies of the checks based on the deposits to its account, the date of the checks and the endorsements on the back of the checks"]; Miller v Wun, 69 Misc 3d 1210[A], 2020 NY Slip Op 51248[U] at *1 [Sup Ct, Kings County 2020] ["notice to admit was proper since it did not compel admission of fundamental and material issues or contested ultimate facts"]; Prime Psychological Servs., P.C. v Auto One Ins. Co., 18 Misc 3d 1122[A], 2008 NY Slip Op 50162[U] [Civ Ct, Bronx County 2008] [Notice to Admit [*9]which sought, inter alia, defendant's admission of receipt of certain bills and claims forms, the genuineness of said bills and claims forms, and that defendant has not paid the bills/claims was entirely proper and, as such, defendant's failure to properly respond to same caused those requests to admit to be deemed admitted]). In Perella Weinberg Partners LLC v Kramer (84 Misc 3d 1263[A], 2025 NY Slip Op 50024[U] [Sup Ct, NY County 2025]), Hon. Robert R. Reed, J.S.C., (Commercial Division, New York County) held that the plaintiff's notice to admit, similar in substance to the Notice to Admit in this case although seeking many more admissions than sought by Plaintiff herein (see Index no. 653488/2015, NYSCEF Doc. No. 1167),
was not served as a discovery device or used to obtain information in lieu of other devices, does not raise new issues that were left unresolved during discovery, and does not, on its face, compel admissions of ultimate fact that are unresolvable without a trial. It appears to this court that the notice to admit was served in an effort to clarify or eliminate factual disputes at trial . . . In consideration of defendants' prior 19-a statement, the court is persuaded that plaintiffs' notice had a rational basis and was made on issues for which plaintiffs believed there to be no substantial dispute (CPLR 3123[a]). The court thus declines to find the notice to admit untimely or to conclude that it seeks impermissible information or controverted facts (Perella Weinberg Partners LLC, 84 Misc 3d 1263[A] at * 3).
So too, here, Plaintiff's Notice to Admit was not served as a discovery device or used to obtain information in lieu of other devices, and properly sought an admission by the Pinto Defendants of that which Plaintiff reasonably believed there can be no substantial dispute at the trial and which are within the knowledge of the Pinto Defendants or can be ascertained by the Pinto Defendants upon reasonable inquiry. The Notice to Admit does not impermissibly seek to compel an admission of a legal conclusion or ultimate fact in contention.
The Notice to Admit sought an admission by the Pinto Defendants of: (1) the genuineness of a check issued to Defendant Pinto Plumbing by Defendant Ethans Plumbing (NYSCEF Doc. No. 185); (2) the genuineness of Defendant Pinto's salary records from his employment with Defendant Ethans Plumbing (NYSCEF Doc. No. 187) and confirmation that Pinto commenced employment with Ethans Plumbing on or about May 25, 2024; (3) the genuineness of invoices, documents, texts, emails, and information related to Defendant Pinto's work with Ethans Plumbing (NYSCEF Doc. Nos. 193, 199 [Ethans Plumbing Invoices]; NYSCEF Doc. No. 196 [Ethans Plumbing Quickbooks payment receipt]; (4) the genuineness of [i] Pinto Plumbing's certificate of incorporation, [ii] checks from Ethans' Plumbing to Pinto, [iii] a check from Elaine T. Wasserman to Pinto Plumbing; [iv] a check from 1 N Water LLC to Pinto Plumbing; and [v] invoices issued by Pinto Plumbing]). With regard to texts and emails forwarded between the Pinto Defendants and Pocheco and Ethans Plumbing, Plaintiff requested that the Pinto Defendants admit that the documents attached as NYSCEF Doc. No. 186 are "genuine copies of emails sent by pintothuesen@gmail.com to an email address belong[ing] to either Defendant Ethans Plumbing or Melquin Pocheco" (NYSCEF Doc. No. 184 at ¶ 2) and requested that the Pinto Defendants "[a]dmit that the texts and attachments set forth in Exhibit E [NYSCEF Doc. No. 188] were transmitted between cell phone numbers 914 843 8022 and 203 [*10]604 4715" (NYSCEF Doc. No. 184 at ¶ 10).[FN6]

As previously noted, Defendants Ethans Plumbing and Pocheco were also served with a Notice to Admit by Plaintiff, which essentially mirrors the Notice to Admit Plaintiff served upon the Pinto Defendants, and Defendants Ethans Plumbing and Pocheco admitted the substance of the same demands as set forth in Defendant Pintos' Notice to Admit demands 1-4, 6-29 and Exhibits A-C, E-X (NYSCEF Doc. Nos. 159-207, 215). Also, Plaintiff's motion papers include, as Exhibit B, highlighted excerpts of the transcript of Defendant Pinto's deposition taken on January 7, 2025, which indicate that Defendant Pinto replied affirmatively to questions regarding his use of a cell phone provided to him by Plaintiff to text Defendant Pocheco, and that Defendant Pinto confirmed his exchange of emails with Defendant Ethans Plumbing. As such, these are facts for which there is no substantial dispute and it would be incongruous for the Pinto Defendants to deny same at trial.[FN7]
Furthermore, it would be a waste of time for Plaintiff to have to establish these facts at trial and Plaintiff would likely be entitled to recover its costs of having to establish these facts at trial, pursuant to CPLR 3123(c), if the Court were not to deem these facts admitted.
These requests that simply seek confirmation that the emails and texts between the cell phone numbers were texts and emails between the Pinto Defendants, Pocheco and Ethans Plumbing are similar to the Notice to Admit found to be proper in Rosenfeld (5 AD3d 462) — i.e., a request for confirmation that certain documents were faxed from defendants' office to the plaintiff's counsel's office (see also Pang v Roosevelt Holding Corp., 73 Misc 3d 1204[A], 2021 NY Slip Op 50919[U] at n 3 [Civ Ct, Queens County 2021] [petitioner's Notice to Admit asked for respondent's admission of telephone numbers used to call petitioner]). It is important to note, however, that while the Court finds that the Pinto Defendants' failure to properly respond to these Notice to Admit requests requires that the requests be deemed admitted, that does not mean that the texts are admissible, since they are largely in Spanish and, at the present time, there is no proper translation associated with these records for them to be admitted at trial (CPLR 2101[b]; Saavedra v 64 Annfield Ct. Corp., 137 AD3d 771 [2d Dept 2016], lv denied 28 NY3d 909 [2016]; Rosenberg v Piller, 116 AD3d 1023 [2d Dept 2014]).
Accordingly, the Court finds that, pursuant to the terms of CPLR 3123, Plaintiff's Notice to Admit was proper and that the Pinto Defendants failed to respond to the Notice to Admit with a properly sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why the Pinto Defendants cannot truthfully either admit or deny those matters or provide an admission of the matters with a detailed qualification [*11]or explanation. As such, the Court shall grant Plaintiff's motion for an order holding that the Pinto Defendants' Demand for Execution dated September 16, 2025 is not a proper response and, accordingly, the matters of which an admission is sought by Plaintiff's Notice to Admit are deemed admitted by the Pinto Defendants (Callaghan v Curtis, 82 AD3d 816 [2d Dept 2011]; Deb-Jo Constr., Inc. v Westphal, 210 AD2d 951 [4th Dept 1994]; Blair v County of Albany, 127 AD2d 950 [3d Dept 1987]; Great Am. Ins. Co. v Matzen Constr., Inc., 114 AD2d 625 [3d Dept 1985]).
CONCLUSION
Based on the foregoing and for the reasons set forth above, it is hereby
ORDERED that Plaintiff's motion is granted; and it is further
ORDERED that the matters sought to be admitted by Plaintiff's Notice to Admit dated September 15, 2025 are deemed admitted by Defendants Edwin Pinto and Pinto Plumbing & Heating Corporation.
The foregoing constitutes the Decision and Order of this Court.
Dated: November 7, 2025
White Plains, New York
HON. GRETCHEN WALSH, J.S.C.

Footnotes

Footnote 1:The Supporting Affirmation of Plaintiff's attorney, the proposed Order, and the Proposed Counter Order incorrectly indicate that the Notice to Admit is dated September 14, 2024 instead of the correct date of September 15, 2024 (NYSCEF Doc. Nos. 184, 209-210, 233).

Footnote 2:The Supporting Affirmation of Plaintiff's attorney incorrectly indicates that the Notice to Admit is dated September 14, 2024, instead of the correct date of September 15, 2024 (NYSCEF Doc. Nos. 159, 210). It is noted that the Notice to Admit with attached Exhibits sent to the Pinto Defendants essentially mirrors the Notice to Admit with attached Exhibits sent to Defendants Pocheco and Ethans Plumbing regarding Demands 1-4, 6-29 and Exhibits A-C, E-X, which was admitted by Defendants Pocheco and Ethans Plumbing in toto (NYSCEF Doc. Nos. 159-207, 215).

Footnote 3:Based on this Court's statement on the return date of this motion that it would grant Plaintiff's motion as it was unopposed, Plaintiff submitted a Notice of Settlement with a Proposed Order (NYSCEF Doc. No. 233).

Footnote 4:This statement is in response to this Court's statement at the virtual conference held on the return date of this OTSC on October 3, 2025 that, given Kreinces' medical condition which necessitated a 60-day adjournment of the trial in this case, if Kreinces is going to be medically unable to represent the Pinto Defendants at the trial now scheduled for December 3, 2025, Kreinces had an ethical obligation to seek to withdraw as counsel immediately as the Court would not be granting another adjournment based on Kreinces' medical condition.

Footnote 5:As noted in the commentaries to CPLR 3123, a notice to admit "is intended for use with 'clear-cut matters of fact' and . . . it may not be used for matters which constitute the very dispute of the lawsuit" (Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3123:1). The commentaries go on to state that, "[w]hile the notice to admit will not serve to compel a defendant to admit he was negligent, it may serve to make him admit or deny that he was the driver or owner of the car, or that the accident occurred between stated times on a stated day, or that he was in the car at the time of the accident and using a cell phone" (id.).

Footnote 6:Requests to Admit Nos. 11-29 simply reproduce in a larger format select pages from NYSCEF Doc. No. 144 (NYSCEF Doc. No. 184 at ¶¶ 11-29). As the Court has already determined that Plaintiff's Request to Admit No. 11 seeking confirmation that the texts attached as NYSCEF Doc. No. 144 were transmitted between Pinto and Pacheco's cell phones is proper, Requests to Admit Nos. 11-29 are likewise proper.

Footnote 7:In addition, the Pinto Defendants' position is further belied by the fact that the Pinto Defendants annexed these same documents in support of their motion for summary judgment (see NYSCEF Doc. Nos. 83-107). How the Pinto Defendants can take issue with documents they themselves used to support their motion for summary judgment is entirely disingenuous.